No. 34,324

William Johnson, *Appellant,* v. Mrs. E. C. Johnson and C. E. Johnson, *Appellees.*

(95 P. 2d 329)

Opinion filed November 10, 1939.

*Clay C. Carper,* of Eureka, for the appellant.
*W. W. Parker,* of Emporia, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action to cancel certain instruments conveying mineral rights and to quiet the title of plaintiff in these mineral rights. Judgment was for defendants. Plaintiff appeals.

The facts are as follows:

1. March 6, 1916, C. A. Johnson was the record title owner of the real estate involved in this action.

2. On July 2, 1917, C. A. and M. M. Johnson, his wife, deeded the real estate in question to Harry C. Jobes, reserving to themselves all the oil, gas and other minerals in the land. This conveyance was recorded in a few days.

3. July 15, 1926, plaintiff acquired these lands from Jobes by a warranty deed which recited the reservation in C. A. and M. M. Johnson.

4. December 12, 1925, C. A. and M. M. Johnson deeded a one-half interest in the minerals to defendant, Mrs. E. C. Johnson. This instrument was filed for record August 11, 1928, more than ninety days after its execution.

5. C. A. Johnson died intestate June 15, 1928, leaving all his property to his widow, M. M. Johnson.

6. October 11, 1937, M. M. Johnson conveyed by a royalty deed of conveyance all her interest in the minerals in the land in question to the defendant, C. E. Johnson. This deed was placed of record on the 16th day of July, 1938.

This action was filed July 12, 1938.

It is the contention of plaintiff as to the half interest in the minerals conveyed to Mrs. C. E. Johnson that it was a condition precedent to the vesting of title in her that she record her conveyance within ninety days of its execution and list it for taxation on or before the first of March, 1926, and that when she failed to do so her conveyance was void under the terms of G. S. 1935, 79-420. That section is as follows:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided,* That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

It should be noted in this connection that the separation of the mineral interest in this land from the surface interest took place on July 2, 1917, when C. A. and M. M. Johnson conveyed the land in question to Jobes, reserving the mineral rights to themselves. The plaintiff never did acquire any interest in the mineral rights, since the instrument by which the surface was conveyed recited the reservation of the mineral interest to C. A. and M. M. Johnson.

This court has held heretofore that the purpose of G. S. 79-420 was to place these severed mineral properties on the tax roll. (See *Hushaw v. Kansas Farmers' Union Royalty Co.,* 149 Kan. 64, 86 P. 2d 559.) It provides that where fee to the surface of the land is in one person and the title to the minerals therein in another each shall be listed and taxed separately. It is made the duty of the register of deeds to furnish the county clerks, who shall furnish to the assessors, a certified description of such reserves. Then to make sure that the register of deeds would be able to furnish such a description a proviso was added to the section. That proviso is as follows:

*"Provided,* That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

It will be noted that two conditions must exist before the leases or reserves shall become void, namely, failure to record within ninety days after execution, and failure to list for taxation. Unless both of these conditions are present the leases or reserves are not void.

What are the facts in our case? C. A. Johnson and M. M. Johnson conveyed the surface of the land to Jobes on July 2, 1917. In this deed they reserved all the mineral rights to themselves. This conveyance was recorded within ninety days. When the surface was conveyed and title to the mineral rights reserved to the grantor, the situation contemplated by the statute arose, that is, title to the surface was in one person and to the mineral rights in another. Such a conveyance is one of those contemplated by the statute. In *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750, this court was considering the question of whether a particular lease was of such a nature as to constitute a severance of the mineral rights from the surface. This court cited and approved the syllabus from *In re Major,* 134 Ill. 19, 24 N. E. 973. It reads as follows:

" 'Where there is a grant of mineral land, with a reservation of the mining right to the grantor, this will amount to a separation of the rights of property as between the land and mines or mining rights, and each must be listed separately for taxation.

" 'Where the ownership of coal is severed from the ownership of the soil, the fee in the coal is property, and, as such, is liable to its just share of taxation.' " (p. 340.)

In *Gas Co. v. Oil Co.,* 83 Kan. 136, 109 Pac. 1002, this court held that a certain instrument severed the minerals from the land. In the opinion we said:

"Then there is the reservation of oil and gas for domestic purposes, by which the grantor proceeds on the theory that he is taking back something out of that which was granted and which would have passed to the grantee but for the reservation. The name by which the writing is designated is not a matter of great consequence, as what is called a lease may as effectually transfer the minerals underneath a tract of land as a more formal instrument of conveyance. A severance, such as the statute in question contemplates, may be made by an exception or reservation in a deed, or by an express grant in any other instrument." (p. 141.)

Following these authorities, we hold that the conveyance of the fee in this case with the reservation of the mineral rights to the grantors severed the title to the surface from the title to the mineral rights, as contemplated by G. S. 1935, 79-420. As has been stated heretofore, this conveyance was recorded within ninety days of its execution. Therefore, the register of deeds had all the information

he needed to furnish the county clerk with a certified description of the reserves in this case so that he could furnish it to the proper assessor. If G. S. 1935, 79-420, was not complied with so that both the surface and the mineral rights were taxed after July 2, 1917, it was the fault of these officers, not the fault of C. A. and M. M. Johnson.

In *Richards v. Shearer*, 145 Kan. 88, 64 P. 2d 56, the instrument in question had not been recorded within ninety days but had been recorded within time for it to be taxed for the current year if the officers had done their duty. This court held that not only the failure to record within ninety days was necessary to void the lease but that there must be a failure to list for taxation and that the recording before March 1 was a listing under the statute. This court said:

"Did the recording before March 1, 1935, constitute the necessary listing of property taxed as real estate? We think it did. The conveyance effected a severance of the oil and gas in place. The estate conveyed to the oil and gas in place is taxed as real estate. In *Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957, it was said:

" 'When mineral in place is severed by deed, it is taxed as real estate to the owner, and the remainder of the land is taxed to its owner (R. S. 79-420).' (p. 613.)

"See, also, *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750, and *Luman v. Davis,* 108 Kan. 801, 802, 196 Pac. 1078. The grantor of the conveyance owned the land, together with all mineral rights thereunder on March 1, 1934. That was the taxing year for real estate. (R. S. 1933 Supp. 79-402.) The entire tax would properly have been assessed against the property of the grantor. This conveyance was executed June 26, 1934. One month before March 1, 1935, the instrument was recorded. We know of no law requiring additional listing of property taxed as real estate." (p. 93.)

In *Shaffer v. Kansas Farmers Union Royalty Co.,* 146 Kan. 84, in considering an action brought under this section, this court said:

"In *Richards v. Shearer,* 145 Kan. 88, 64 P. 2d 56, the instrument in question was held to be a conveyance which effected a severance of the oil and gas in place, and hence should be recorded and listed for taxation as required by statute. The instrument was not recorded within ninety days, but was recorded before the first of March after its execution. This recording was held to constitute the necessary listing for taxation, within the meaning of the statute, in view of the fact that after it was recorded it became the duty of the register of deeds to furnish to the county clerk, and he to the county assessor, by March 1, a list of such properties for the purpose of taxation. The recording was in time for that purpose.

"Here the facts do not bring it within the rule of the case last cited. Had the instrument been filed for record before March 1 there would have been

reason to hold the case applicable, but here it was not filed until May 3, which was more than two months after the time it should have been certified to the county assessor for taxation." (p. 95.)

It will be noted that the recording is generally regarded as a listing for taxation. In view of these authorities we hold, therefore, that G. S. 1935, 79-420, was complied with when the conveyance of July 2, 1917, was recorded. The fact that there were subsequent conveyances of the royalty interest is of no importance, since the first severance of the mineral right from the title to the surface was made by the conveyance of July 2, 1917, and the two interests became taxable from that time on. The recording of the subsequent conveyances could have given the taxing officials no notice they did not have from the conveyance of July 2, 1917. What has been said here is true also of the interest of Mrs. E. C. Johnson.

The judgment of the district court is affirmed.

HARVEY, J., concurs in the result.