No. 35,288

MAGGIE VOLKER, *Appellee*, v. JAY CRUMPACKER et al., *Appellants*.

(118 P. 2d·540)

Opinion filed November 8, 1941.

*James A. Cassler* and *L. H. Ruppenthal*, both of McPherson, for the appellants.

*D. H. Donnelly* and *Richard C. Donnelly*, both of Stafford, for the appellee.

The opinion of the court was delivered by

HOCH. J.: This was an action to quiet title to real estate as against a certain instrument denominated "Sale of Oil and Gas Royalty." Plaintiff prevailed, and defendant appeals.

The question presented is whether the instrument is void under the provisions of G. S. 1935, 79-420, because not recorded within ninety days after execution or listed for taxation.

The instrument, signed and acknowledged on December 3, 1937, by the appellee, Maggie Volker, purported to convey certain title or interest in certain land in Stafford county to the grantee, C. E. Knight. It was deposited, on the same day, under an escrow agree-

ment with the firm of Hartnett and Evans as escrow agents. The condition of delivery to the grantee was that a test well be commenced on the land and a depth of five hundred feet reached "by the 1st of February, 1938," and if such condition were not met the instrument was to be returned to Maggie Volker and all rights of the grantee thereunder would terminate. The well was not drilled to a depth of five hundred feet by February 1, 1938. However, on April 5, 1938, appellee called at the office of the escrow agent and in the presence of Knight endorsed on the escrow agreement: "O. K. to deliver. to C. E. Knight said royalty deed. Maggie Volker. April 5, 1938." The instrument was thereupon delivered to Knight and was duly recorded on April 6, 1938. The instrument had not at that time been listed for taxation. On April 12, 1938, Knight assigned the instrument to appellants Crumpacker and Barngrover, who subsequently paid the taxes assessed thereon for the year 1939.

On a date not disclosed by the record Maggie Volker brought this action to quiet title, and the case was heard by the court without a jury on October 1, 1940. On May 6, 1941, findings of fact and conclusions of law were made and judgment entered for the plaintiff. While holding that the instrument was void under the statute, the trial court held, with evident reluctance, that Maggie Volker was not estopped from the relief sought, saying:

"The fact that Maggie Volker on or about the 5th day of April, 1938, appeared personally before Hartnett & Evans and in writing authorized a delivery of the instrument in question to C. E. Knight, the grantee therein, and thereby created the very encumbrance to the title which she now seeks to have the court quiet, has caused the court to look somewhat with disfavor upon her action."

The court also held that estoppel was not available to the defendants because not pleaded in the answer.

The instrument itself is not shown in the record here submitted. All we know about it we learn from the escrow agreement wherein it is referred to as a "Sale of Oil and Gas Royalty" conveying "an undivided 5/180 interest in and to all the oil, gas and other minerals in, on and under the above described land . . . for a term of five (5) years and as long thereafter as oil and/or gas is produced therefrom."

The case was tried and is presented here upon the theory that the instrument is one falling within the provisions of G. S. 1935, 79-420, the pertinent provisions of which are as follows:

"Where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. . . .*Provided,* That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

This court has held that this statute does not apply unless the instrument conveys some right or title to the minerals in place—unless, in other words, it is a conveyance of realty. (*Gas Company v. Neosho County,* 75 Kan. 335, 89 Pac. 750; *Finch v. Beyer,* 94 Kan. 525, 146 Pac. 1141; *Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957; *Richards v. Shearer,* 145 Kan. 88, 64 P. 2d 56.)

We have repeatedly called attention to the loose and inaccurate way in which instruments relating to rights in oil and gas are frequently referred to. There has been much confusion as between mineral deeds which convey title to minerals in place and leases which give the right of exploration and production, and royalty instruments affecting ownership in the oil or gas if and when produced. (*Carlock v. Krug,* 151 Kan. 407, 99 P. 2d 858; *Shaffer v. Kansas Farmers Union Royalty Co.,* 146 Kan. 84, 69 P. 2d 4; *Serena v. Rubin,* 146 Kan. 603, 72 P. 2d 995; *Miller v. Sooy,* 120 Kan. 81, 242 Pac. 140.) While not determining the character of the instant instrument, we shall treat it here as a mineral deed and therefore subject to the statute.

What did the grantee get under the instrument, prior to fulfillment of the condition precedent? Certainly he got no ownership which gave him right to alienate title to the minerals in place. The most he could be said to have was a right to drill a well to a depth of five hundred feet by February 1, 1938, and thereupon to demand delivery of the instrument. He was not required to meet the condition. He could elect to do otherwise and never receive any right or title to the minerals in place. In the meantime, what right or title did he have which could be taxed under the statute?

In her reply appellee alleged that "any condition or contingency preventing the immediate delivery of the royalty deed upon the date of its execution *occurred and was fully performed and complied with on the first day of February, 1938,* and that if said Knight failed to procure said deed it was due solely to his own delay, carelessness and negligence." (Italics ours.) If compliance with the

condition stated in the escrow agreement *"occurred"* on February 1, 1938, that was the earliest date upon which appellant could have required delivery of the instrument. If constructive or operative delivery be imputed as of that date, appellant held no right or title to minerals in place prior to that time. (4 Tiffany, Real Property, 3d ed., 241, § 1053; 7 Thompson on Real Property, perm. ed., 688, § 4213.) And assuming that title passed to the grantee on February 1, 1938, the instrument would not be void under the statute because it was recorded April 6, 1938, less than ninety days thereafter.

If we should adopt appellee's theory, supported by some authorities, that where a deed is placed in escrow and the condition of the escrow agreement is fulfilled and the deed delivered to the grantee the passing of title will be, for some purposes at least, related back to the date of delivery to the escrow agent, the theory would not help appellee in this case. The grantor is not relieved from liability for taxes prior to the delivery to the grantee by the escrow agent. (7 Thompson on Real Property, perm. ed., 691, § 4217; *Mohr v. Joslin,* 162 Ia. 34, 142 N. W. 981.) The grantor being liable for taxes, no duty to list for taxation could rest upon the grantee prior, at least, to February 1, when constructive delivery might be said to have occurred.

There is a further and controlling reason why the appellee is not entitled to the relief sought. If her contention is correct and "execution"—as the word is used in the statute—took place on December 3, 1937, then the instrument had become void under the statute prior to the time when she approved its delivery to the grantee by the escrow agent on April 5, 1938. Being void, she could not revive it as of the original date. Her action on April 5 amounted to the execution and delivery of a new conveyance. Being recorded the next day, it was of course not void under the statute.

The judgment must be reversed with directions to enter judgment for the defendants. It is so ordered.