No. 36,219

GERALD L. DAVIS and MURRAY L. DAVIS, *Appellants*, v. HARRY L. SKELLY et al., *Appellees*.

(154 P. 2d 114)

Opinion filed December 9, 1944.

*C. L. Thompson,* of Hoxie, was on the briefs for the appellants.

*George B. Collins, A. D. Weiskirch* and *C. L. Williams,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment sustaining a demurrer to the petition in a quiet-title action.

The petition alleges plaintiffs are the equal owners and in the joint possession of a half section of land in Sheridan county. It next states that defendants claim an interest therein based upon two certain mineral deeds conveying an undivided one-half interest in and to all oil, gas and other minerals in and under such real estate, one executed by Michael Tilma and wife as grantors to Harry L. Skelly as grantee which was dated June 17, 1929, acknowledged June 25, 1929, and recorded November 21, 1929, and the other by the same grantors to the identical grantee, dated June 17, 1929, acknowledged June 17, 1929, and recorded December 24, 1929. It then charges such mineral deeds were void and of no legal effect for the reason they were neither filed for record nor listed for taxation within ninety days of the dates of their execution, and prays for

judgment declaring them void and quieting plaintiffs' title as against any and all persons who might claim any right, title or interest in and to the half section of land under or by virtue of them.

Defendants demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action. The sustaining of the demurrer gave rise to this appeal.

The issue raised by the appeal involves a construction of the language to be found in the last clause of G. S. 1935, 79-420, which reads:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves; Provided, *That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."* (Emphasis ours.)

Allegations of the petition must be construed to concede that the conveyances against which appellants seek to quiet their title were each mineral deeds effecting a severance of title to oil and gas in place and that such instruments were duly recorded prior to March 1 following the date of their execution. It follows, since the deeds in question were not recorded within ninety days after their execution or listed for taxation within that period of time, the sole question presented for review on this appeal is whether under the proviso to be found in the last clause of the section of the statute just quoted— and which we have italicized for purposes of emphasis—the recording of such deeds prior to the first day of March following the date of their execution is a listing for taxation within the period of time contemplated by the proviso. Otherwise stated, does the proviso to which we have just referred require that a mineral deed must either be recorded within ninety days after its execution or else listed for taxation within ninety days in order for it to remain a valid and effective conveyance of minerals in place?

The question so presented is not one of first impression. It was definitely answered by this court in *Richards v. Shearer,* 145 Kan. 88, 64 P. 2d 56. In that case where, except for the additional question of whether the conveyance was of such a character as to

bring it within the purview of G. S. 1935, 79-420, which is not involved here, and where the factual situation was practically analogous to the present one and the issue involved was identical, it was held:

"A conveyance designated 'Sale of Oil and Gas Royalty' examined and held, the conveyance effected a severance of title to oil and gas in place, and hence must be recorded under the provisions of R. S. 79-420, but that failure to record it within ninety days from date of its execution did not require cancellation of the conveyance under the facts narrated in the opinion." (Syl.)

Involved in the decision to which we have just referred was, as is involved here, the contention that the recording of a mineral deed before March 1 following its execution did not constitute the listing of property for taxation required by the section; the further contention that even though real estate had been listed for taxation as of March 1 preceding the date of the execution of a subsequent mineral conveyance a conveyance effecting a severance of title to oil and gas in place after that date required a relisting of the real estate by taxing officials for the current tax year; and the additional contention that the language of the section itself not only required by its express terms, but by implication evidencing legislative intention, the construction that mineral conveyances which were neither recorded nor listed for taxation within ninety days from the date of their execution thereupon became null and void *ipso facto*. In disposing of the contentions referred to it was said in the opinion:

"This brings us to plaintiff's second contention. The petition alleged defendant failed to comply with the provisions of R. S. 79-420, in that he failed to record the conveyance within ninety days from its execution, and hence the conveyance was void. True, the conveyance was not recorded within ninety days after its execution, but the statute does not say it shall therefore be void. The proviso reads: 'That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation.'

"Did the recording before March 1, 1935, constitute the necessary listing of property taxed as real estate? We think it did. The conveyance effected a severance of the oil and gas in place. The estate conveyed to the oil and gas in place is taxed as real estate. In *Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957, it was said: 'When mineral in place is severed by deed, it is taxed as real estate to the owner, and the remainder of the land is taxed to its owner (R. S. 79-420)'. See, also, *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750, and *Luman v. Davis,* 108 Kan. 801, 802, 196 Pac. 1078. The grantor of the conveyance owned the land, together with all mineral rights thereunder on March 1, 1934. That was the taxing year for real estate. (R. S. 1933 Supp.

79-402.) The entire tax would properly have been assessed against the property of the grantor. This conveyance was executed June 26, 1934. One month before March 1, 1935, the instrument was recorded. We know of no law requiring additional listing of property taxed as real estate.

"No oil was produced prior to March 1, 1935, and the first oil was run into a pipeline on March 23, 1935. The conveyance was recorded in ample time to enable the register of deeds to furnish the county clerk, and he in turn the assessor, with a certified description of the reserve made by the conveyance. It was not the intention of the legislature to declare the conveyance void by reason of failure to record it within the allotted time. Therefore it attached the further condition, to wit: 'They shall become void if not listed for taxation.' The instrument was recorded one month before March 1. If it was not assessed shall defendant suffer forfeiture of title by reason of official neglect? We think not. . . . While this conveyance was not recorded within ninety days, can it be doubted it was brought to the attention of taxing officials? If the purpose of the act was not accomplished was it not due to failure of the register of deeds to perform his duty under the statute or to the failure of taxing officers to assess the property after being advised of the conveyance? In *Gas Co. v. Oil Co.*, supra, it was said: 'If it is recorded as the statute enjoins, the taxing officer has an opportunity to find and assess the property conveyed.' In this case failure to have it recorded as the statute enjoined did not, under the evidence presented, prevent the taxing officer from having ample opportunity to find and assess the property. We might also state we find nothing in the record indicating it was not found by the assessor. Furthermore, this was a proceeding in equity. The conveyance having been recorded a month before March 1, and the property having been clearly subjected to taxation in ample time, we are not inclined to disturb the judgment of the trial court." (pp. 92, 94.)

Following the decision in *Richards v. Shearer,* supra, the construction placed upon the proviso found in G. S. 1935, 79-420, was approved and the canon rules enunciated therein reiterated and reaffirmed in subsequent decisions so numerous that it can now be said that the legal principles there established are well fortified by legal precedents and have become the settled law of this state.

In *Shaffer v. Kansas Farmers Union Royalty Co.,* 146 Kan. 84, 95, 69 P. 2d 4, it was said:

"In *Richards v. Shearer,* 145 Kan. 88, 64 P. 2d 56, the instrument in question was held to be a conveyance which effected a severance of the oil and gas in place, and hence should be recorded and listed for taxation as required by statute. The instrument was not recorded within ninety days, but was recorded before the first of March after its execution. This recording was held to constitute the necessary listing for taxation, within the meaning of the statute, in view of the fact that after it was recorded it became the duty of the register of deeds to furnish to the county clerk, and he to the county assessor, by March first, a list of such properties for the purpose of taxation. The

recording was in time for that purpose. Here the facts do not bring it within the rule of the case last cited. Had the instrument been filed for record before March first there would have been reason to hold the case applicable, but here it was not filed until May third, which was more than two months after the time it should have been certified to the county assessor for taxation."

Likewise, in *Johnson v. Johnson*, 150 Kan. 541, 543, 95 P. 2d 329, where *Richards v. Shearer*, supra, was quoted at length, and in the opinion it was said:

"It will be noted that two conditions must exist before the leases or reserves shall become void, namely, failure to record within ninety days after execution, and failure to list for taxation. Unless both of these conditions are present the leases or reserves are not void."

The same is true in *Templing v. Bennett*, 156 Kan. 68, 70, 131 P. 2d 904, where the following statement will be found in the opinion:

"So the legislature has provided that failure to record a mineral interest conveyance within ninety days will make it void only in case such interest is not listed for taxation. (G. S. 1935, 79-420; *Richards v. Shearer*, 145 Kan. 88, 64 P. 2d 56.)"

See, also, *Jack v. Severns*, 149 Kan. 229, 86 P. 2d 514; *Hickey v. Dirks*, 156 Kan. 326, 133 P. 2d 107; *Davis v. Hurst*, 150 Kan. 130, 90 P. 2d 1100; *Rathbun v. Williams*, 154 Kan. 601, 121 P. 2d 243; *Volker v. Crumpacker*, 154 Kan. 403, 118 P. 2d 540; *Sledd v. Munsell*, 149 Kan. 110, 86 P. 2d 567; *Hushaw v. Kansas Farmers Union Royalty Co.*, 149 Kan. 64, 86 P. 2d 559 and *Brooks v. Mull*, 147 Kan. 740, 78 P. 2d 879, determining sundry and other questions pertaining to G. S. 1935, 79-420, although not directly affecting the specific question involved in this lawsuit where the decision in *Richards v. Shearer*, supra, is cited and approved.

Appellants in support of their contention the demurrer should have been overruled virtually concede the situation to be as has just been stated. Their principal complaint is that notwithstanding the doctrine announced in *Richards v. Shearer*, and its subsequent confirmation by later decisions, this court overlooked the plain provisions of G. S. 1935, 79-420, and placed a construction thereon which is not warranted by its terms. The gist of their argument is the statute itself declares when deeds of mineral rights should be listed for taxation if not filed for record, and they insist we should now hold, as they contend, that if such deeds are neither recorded nor listed for taxation within ninety days from their execution they thereupon become void and invalid instruments which can be canceled and set aside in a quiet-title proceeding.

We recognize the right of individuals to differ with courts in their construction of the force and effect of legislative enactments. It is a privilege accorded to them under our system of government. We also realize. that in the final analysis the courts, not individuals, determine the law of the land, not only so far as it affects the rights of litigants in a given case but the rights of succeeding generations as well. It is for that reason we have given each and all of the arguments advanced by appellants respectful and careful attention. We have reviewed our decisions. While, as heretofore indicated, the facts in the instant case are analogous to those existing in *Richards v. Shearer,* supra, we have considered them in the light of the rule enunciated there and in subsequent cases. Notwithstanding, we find nothing in the argument advanced by appellants to shake our confidence in the propriety of the construction we have heretofore placed upon the statute, nor do we find. anything in the factual situation which precludes a determination of the rights of the appellants under the principles of law announced in our decisions.

We hold, therefore, that the recording on December 24, 1929, of the deed executed on June 17, 1929, and the recording on November 21, 1929, of the deed executed June 17, 1929, amounted to a listing for taxation as required by G. S. 1935, 79-420, and that the failure of the grantee in each of said instruments to either record or list such mineral conveyances for taxation within ninety days from the date of their execution did not render them void and of no force and effect. Since the petition showed on its face the action to cancel the deeds and quiet title was predicated on a failure to either record or list the instruments for taxation within ninety days from their execution, it necessarily follows the action of the trial court in sustaining the demurrer was proper.

The judgment is affirmed.