NOT DESIGNATED FOR PUBLICATION

No. 112,579

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LESLIE ANN HESS,
*Appellant,*

v.

CLEROY, INC., *et al.*,
*Appellees.*

MEMORANDUM OPINION

Appeal from Logan District Court; GLENN D. SCHIFFNER, judge. Opinion filed October 23, 2015. Affirmed.

*Greg L. Bauer*, of Law Office of Bauer & Pike, LLC, of Great Bend, for appellant.

*Granville M. Bush IV* and *Natasha L. Esau*, of Bush, Bush & Shanelec, of Sterling, for appellees.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Leslie Ann Hess appeals the district court's granting of a motion for summary judgment on behalf of Cleroy, Inc., and others (Cleroy). The issue involves a deed filed in Logan County (the County) in 1929 conveying an undivided one-half interest to the oil, gas, and other minerals (minerals). The deed was not filed with the Logan County Register of Deeds within 90 days of its execution but was filed before the March 1 deadline of the following year for the purpose of listing the minerals for taxation. At issue is whether the filing of the deed after the 90-day window, but before the March 1 deadline, is sufficiently timely to comply with K.S.A. 79-420. We find the

1

answer is yes. The district court did not err in granting Cleroy's summary judgment motion. We affirm.

FACTS

On July 18, 1929, J.L. Garrett conveyed to Harry L. Skelly an undivided one-half mineral interest in the following property: "The Northwest Quarter (NW/4) of Section Twenty-three (23), Township Twelve (12), Range Thirty-two (32), Logan County, Kansas" (the Property). The mineral deed was recorded at the Logan County Register of Deeds Office on November 4, 1929. Cleroy obtained their respective one-half interest in the minerals from a mineral deed conveyed on August 31, 1944, which was recorded at the Logan County Register of Deeds Office on September 16, 1944.

On June 17, 2013, Hess filed a petition to quiet title against Cleroy. Hess claimed she is the owner of the surface and mineral rights to the Property and that Cleroy's claimed ownership to an undivided one-half interest in the Property's minerals was invalid because the original deed conveying the mineral rights was not recorded within 90 days of its execution as required by K.S.A. 79-420. Hess alleged Cleroy's interest clouds her title to the minerals and asked the court to enter judgment against Cleroy quieting title in and to all oil, gas, and other mineral rights on the Property.

Cleroy filed an answer admitting Hess owned the surface of the Property but claiming the mineral deed conveying their mineral interests was not void. Cleroy filed a motion for summary judgment arguing the facts were undisputed and that K.S.A. 79-420 was the controlling law. Cleroy argued the caselaw interpreting K.S.A. 79-420 held that even if a mineral deed was not recorded within 90 days of its execution, as long as the mineral deed was recorded before March 1 in the year following its execution, it was valid. Because the mineral deed dated on July 18, 1929, was filed of record on November 4, 1929, Cleroy claimed the mineral deed was a valid conveyance and was not void.

2

Although not relevant to the real issue before this court, Cleroy also points out they, and/or the previous owners of the mineral interest, had always paid the taxes levied and assessed by Logan County on the mineral interest.

Hess responded to Cleroy's motion, agreeing the failure to record the deed within 90 days was not fatal if Cleroy met the "listing for taxation" portion of K.S.A. 79-420. Hess then claimed Cleroy failed to meet their burden of proof on that issue because there was no record of the severed mineral rights attributed to the Property being taxed before 1946. Hess argued, therefore, the district court should deny Cleroy's motion for summary judgment.

The district court granted Cleroy's motion for summary judgment and found the mineral deed at issue "was filed of record on November 4, 1929, several months before March 1 of the following year and was therefore 'listed for taxation' thus meeting the requirements of K.S.A. 79-420." The district court denied Hess' motion for reconsideration. Hess filed a timely notice of appeal.

ANALYSIS

Hess argues the district court erred in granting summary judgment in favor of Cleroy because Cleroy failed to show the County taxed the severed mineral interest, which Hess argues is necessary for the interest to be timely recorded in compliance with K.S.A. 79-420. Hess does not dispute any material facts, she instead argues the facts do not support a summary judgment ruling. When the parties do not dispute the facts, appellate courts have unlimited review of a summary judgment order. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

K.S.A. 79-420 has not changed much over the years. At the time this mineral deed was filed, the statute, G.S.1935, 79-420, provided:

3

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided, That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation.*" (Emphasis added.)

"The statute was enacted in 1897 and has not been changed in substance since that time. See L.1897, ch. 244, § 1; L.1911, ch. 316, § 20; R.S.1923, 79-420; G.S.1935, 79-420; L.1959, ch. 365, § 10; L.1982, ch. 391, § 29." *Ford v. Willits*, 9 Kan. App. 2d 735, 746, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 297 P.2d 834 (1985).

The Kansas Supreme Court has determined that under K.S.A. 79-420, "two conditions must exist before the leases or reserves shall become void, namely, failure to record within ninety days after execution, and failure to list for taxation. Unless both of these conditions are present the leases or reserves are not void." *Johnson v. Johnson*, 150 Kan. 541, 543, 95 P.2d 329 (1939). Stated another way, "failure to comply with at least one of the alternative requirements of 79-420 operates to make a mineral deed a nullity and void and forecloses a construction of voidable only." *Becker v. Rolle*, 211 Kan. 769, 773, 508 P.2d 509 (1973).

Hess does not dispute the mineral interest was conveyed on July 18, 1929, and was recorded with the register of deeds on November 4, 1929. She contends that this does not prove the mineral deed was *listed for taxation* because Cleroy has not shown that it was actually subject to tax that year. Hess' argument expects Cleroy to do the impossible since the records from the County reflect severed minerals were not taxed until 1946. Cleroy

4

has shown the deed was not filed within 90 days of its execution, but it was filed before March 1 of the following year and, thus, it was available to *list for taxation*.

In *Richards v. Shearer*, 145 Kan. 88, 93, 64 P.2d 56 (1937), the Kansas Supreme Court determined that recording a severed mineral interest with the register of deeds before March 1 of the following year constituted the necessary listing of the property for taxation to meet the second option for not voiding the transaction under K.S.A. 79-420. A few months after the *Richards* decision, the Kansas Supreme Court in *Shaffer v. Kansas Farmers Union Royalty Co.*, 146 Kan. 84, 95, 69 P.2d 4 (1937), discussed the fact that in *Richards*, the deed was not recorded within 90 days but was recorded before the following March 1st and stated:

> "This recording was held to constitute the necessary listing for taxation, within the meaning of the statute, in view of the fact that after it was recorded it became the duty of the register of deeds to furnish to the county clerk, and he to the county assessor, by March 1st, a list of such properties for the purpose of taxation."

Hess has not cited any caselaw supporting her argument the mineral interest must be taxed the year following its severance from the surface interest in order to meet K.S.A. 79-420's second option for timely filing—that it be *listed for taxation*. Furthermore, on appeal, Hess does not even argue that Cleroy had to prove the County taxed the mineral interest the year following its recording. Hess argues Cleroy had to prove the "severed minerals were actually subject to taxation in the jurisdiction where the property is located" even though the County's own record reflects it did not begin listing the severed minerals on this tract for tax purposes until 1946. We cannot find support in the law for this argument by Hess.

The Logan County Treasurer's affidavit states the first listing of any severed mineral tax attributed to the Property was in 1946. The affidavit also states one of the

5

functions of the Treasurer's Office was to maintain records regarding the taxation of severed mineral interests: "[T]he severed mineral tax records are kept by the Logan County Treasurer's office and 1946 is the first year that the minerals show a separate receipt from any other record." Although the record is unclear, one can infer the severed minerals were not taxed until 1946. Clearly, the severed minerals were timely listed for taxation when the mineral deed was filed on November 4th, well before the March 1st deadline of the following year.

Nevertheless, the issue is not whether the severed mineral interest was taxed. K.S.A. 79-420 only requires it be *listed for taxation*, and in 1929, all that was required to list it for taxation was to register it with the register of deeds before March 1. See *Davis v. Skelly*, 159 Kan. 282, Syl. ¶ 1, 154 P.2d 114 (1944) (finding mineral interest not recorded with the register of deeds within 90 days but recorded before the following March 1 were not void under G.S. 1935, 79-420); *Ford*, 9 Kan. App. 2d at 746-47 (finding mineral interest transferred in September 1946 and recorded with register of deeds in January 1947 was not void even though it was not on tax rolls until 1964). Hess does not dispute that the initial owner of the mineral interest provided the deed to the register of deeds in time for the severed mineral interest to be on the tax rolls of the following year.

Hess also seems to argue that upon receipt of the severed mineral deed, Skelly needed to go to the courthouse and ask that the mineral interest be specifically listed for taxation the same as Bennett did in *Templing v. Bennett*, 156 Kan. 68, 69, 131 P.2d 904 (1942). We cannot find anything in *Templing* requiring Skelly to go to the courthouse on or before March 1 of each year to ask the appropriate official to list his severed minerals for taxation. Filing the deed on November 4, 1929, long before March 1 of the following year, satisfied Skelly's obligation to timely file the deed. We also note the deed in *Templing* was executed on October 6, 1928, and was not filed for record until June 30,

6

1934. The Supreme Court still found the conveyance with Bennett's attempts to list the minerals for taxation satisfied the requirements of K.S.A. 79-420.

The district court did not err in finding the mineral deed filed of record on November 4, 1929, several months before March 1 of the following year, qualified as *listed for taxation* and met the requirements of K.S.A. 79-420. The district court's decision granting Cleroy's motion for summary judgment is affirmed.

Affirmed.