No. 35,835

The State of Kansas, ex rel. State Labor Commissioner, *Appellant*, v. F. S. Garlinghouse, doing business as The Royal Cleaning Company, *Appellee*.

(138 P. 2d 421)

Opinion filed June 12, 1943.

*Clark H. McPherson*, of Topeka, argued the cause, and *Charles H. Cory*, of Topeka, was on the briefs for the appellant.

*Ira Burkholder*, of Topeka, argued the cause, and *H. Ward Page* and *Hall Smith*, both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by the state to recover delinquent contributions for the years 1939, 1940 and 1941 under the provisions of the Kansas unemployment compensation law. Judgment was for defendant and plaintiff appeals.

The parties stipulated as follows:

The issue to be determined is whether one Roy E. Jurnes was in the employment of defendant during the year 1939 within the meaning and intent of the Kansas unemployment compensation law (Laws 1939, ch. 214, § 1, G. S. 1939 Supp. 44-703) and that the term "employment" as therein defined should govern the determination of liability; if such employment existed the defendant had eight or more individuals in his employ for twenty different weeks of the calendar year 1939, and was liable for contributions for that year; if such employment did not exist then defendant did not have the requisite number of employees for the required number of weeks in the year 1939; due and lawful notice of the contributions sued for was served on defendant prior to the filing of the

action; by reason of the stipulation the burden of proof on the issue presented has shifted to defendant.

If defendant is liable for the years 1940 and 1941, liability for those years results from his liability for the year 1939, and his failure to make application for termination of coverage thereafter pursuant to the provisions of G. S. 1939 Supp. 44-711.

The pertinent provisions of G. S. 1939 Supp. 44-703 (i) (6) read:

"(i) 'Employment' means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied. . . .

"(6) Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact."

In accordance with the stipulation defendant assumed the burden of proof and introduced his evidence. Plaintiff demurred to the evidence and moved for judgment on two grounds. The first ground was that defendant's testimony affirmatively disclosed he had made no showing before the commission relative to the character of Jurnes' employment and hence had not exhausted his remedy before the commission. The second ground of the demurrer was that defendant's evidence disclosed Jurnes had performed services for defendant for remuneration and that the evidence did not show Jurnes was free from defendant's control or direction in the performance of his services. The demurrer was overruled. Plaintiff then introduced its testimony and upon the record the court made a finding of fact, which will be noted presently, and rendered judgment for defendant. Plaintiff appeals from the ruling on the demurrer and from the judgment.

Plaintiff's first complaint with respect to the order overruling its demurrer is the district court lacked jurisdiction to determine whether Jurnes' employment was under defendant's control or direction. The demurrer interposed at the time of trial was not upon the ground the court lacked jurisdiction in the premises but upon the theory defendant's evidence disclosed he had no defense to the action for the reason he had not first exhausted his remedy before the commission by making a showing to the satisfaction of the commission that Jurnes had been and would continue to be free from defendant's control or direction over the performance of his services. The state invoked the jurisdiction of the court pursuant to

the provisions of G. S. 1941 Supp. 44-717, which expressly authorized the state to bring an action to recover contributions due under the act. The state then stipulated the district court should determine whether Jurnes was in the employment of the defendant within the meaning of the act. Having so stipulated, the state cannot now be heard to say the trial court lacked jurisdiction to determine whether Jurnes was under the control or direction of defendant in the performance of his services.

The second ground of the demurrer, as previously stated, was that defendant's evidence did not show Jurnes had been and would continue to be free from defendant's control or direction in the performance of his services. There were some statements in defendant's cross-examination which tended to indicate Jurnes was under defendant's direction or control in the performance of his services or which tended to indicate defendant had the right to exercise such direction or control if he desired to do so. There was other testimony to the contrary. The rule under such circumstances frequently has been stated. In *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903, we held:

"In testing the sufficiency of evidence as against a demurrer, the court shall consider all of plaintiff's evidence as true, shall consider that favorable to plaintiff and disregard that unfavorable to plaintiff, and shall not weigh any part that is contradictory, nor weigh any differences between his direct and cross-examination, and if, so considered, there is any evidence which sustains the plaintiff's case the demurrer should be overruled." (Syl. ¶ 1.)

In *Meneley v. Montgomery*, 145 Kan. 109, 64 P. 2d 550, the rule was stated thus:

"In passing on a demurrer to evidence, the trial court and this court are concerned only with evidence and inferences therefrom, which support a cause of action or defense and do not consider evidence or inferences therefrom favorable to the party demurring." (Syl. ¶ 1.)

See, also, *Boxberger v. Texas Company*, 156 Kan. 471, 473, 134 P. 2d 644.

The state also appeals from the final judgment rendered in favor of defendant. The complaint grows out of the following finding of fact, to wit:

"The Court . . . being fully and duly advised in the premises, *finds* that (Eik) Roy E. Jurnes (Roy E. Jurrens), in the performance of the services under consideration in this action, was free from control or direction of the defendant over the performance of such services, both under his contract of service and in fact, and that the said Jurnes (Jurrens) was not an employee

of the defendant during the year 1939 or the period involved in this action within the meaning and intent of the Kansas Unemployment Compensation Law, chapter 214, Laws of 1939."

The state insists the "control or direction" contemplated and intended by the unemployment compensation law is not "control or direction" over details of the service but general control or direction, or the right to exercise general control or direction over the services performed by the individual employed. It is true statutes similar to ours have been so construed. A few of the decisions are *Industrial Com. v. Northwestern Co.*, 103 Colo. 550, 557, 88 P. 2d 560; *Sound Cities Gas & Oil Co. v. Ryan,* 13 Wash. 2d 457, 466, 125 P. 2d 246. Based upon that interpretation of the act, can this court say the finding of the trial court was without evidentiary support?

Defendant operated a cleaning and pressing establishment in the city of Topeka. He leased the premises from the owner, H. W. Page. The employment status of Jurnes arose in connection with some remodeling and redecorating work in the cleaning and pressing establishment. Jurnes was a painter by trade. Page furnished the paint for the front outside of the building and the paint for decorating the interior. Defendant paid for the labor involved in redecorating the woodwork on the inside. Jurnes refinished and varnished a large counter, desk and showcase for defendant, which were used by defendant in the operation of his business. The work was done by the hour and during odd times, such as evenings and Sundays, in order not to interfere with the regular cleaning and pressing business. We deem it unnecessary to narrate other testimony pertaining to defendant's control or direction, or to his right of control or direction, over the performance of the services. It is sufficient to say some of the testimony might be interpreted to mean that Jurnes performed his services on the inside of the building under the general control or direction of the defendant, or that defendant had the right to exercise such direction or control. There was other testimony, however, which disclosed or rather clearly tended to indicate the contrary. This state of the record brings the case under the repeatedly stated rule that on review this court is concerned only with the question whether there is substantial evidence which supports, or tends to support a finding made, and not with evidence which, if believed, would support a contrary finding. (*Bergman v. Kansas City Public Ser. Co.,* 144 Kan. 27, 29, 58 P. 2d 110; *Meneley*

*v. Montgomery,* 145 Kan. 109, 114. 64 P. 2d 550; *Johnson v. Soden,* 152 Kan. 284, 287, 103 P. 2d 812.)

While the testimony is not as definite and clear on the subject of control or direction as it might be, it is probably as clear as it ordinarily would be under circumstances of this character. Not being able to say the finding of the trial court is without substantial evidentiary support, the finding will not be disturbed. The judgment is affirmed.