No. 36,566

GOLDIE HARRIS, *Appellee*, v. G. E. EXON, *Appellant*.

(170 P. 2d 827)

Opinion filed July 6, 1946.

*Glenn Porter,* of Wichita, argued the cause, and *Getto McDonald, William Tinker, Arthur W. Skaer* and *Hugh P. Quinn,* all of Wichita, were on the briefs for the appellant.

*Clarence R. Sowers,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for alleged unskillful acts and lack of proper care in the performance of a dental operation. During the course of the trial the defendant demurred to the plaintiff's evidence, the demurrer being overruled. At the close of the trial the defendant moved the court to instruct the jury to return a verdict in his favor, this motion being denied. Thereafter the court duly instructed the jury, and it returned a verdict in favor of the plaintiff. Defendant's motion for a new trial was denied and judgment was rendered in favor of the plaintiff. In due time the defendant appealed from the above mentioned rulings and judgment, but the only specifications of error set forth and argued are the rulings on the demurrer and the motion for a directed verdict.

The gist of the allegation of plaintiff's petition is that she employed the defendant to remove a bridge from her lower left jaw, and that he did not use due and proper care or skill in endeavoring to remove the bridge in that he did not put any padding or other protection on plaintiff's lower lip, but negligently put an electric saw into the lower left portion of her teeth by prying the instrument into position and the saw slipped off the portion of the bridge defendant was attempting to saw in two, and cut nerves, tendons and

tissues of the plaintiff's lips, chin and face, causing pain and damage. The defendant's answer denied negligence or failure to use proper care and skill, as well as the extent of injury.

This appeal presents no question as to the rule of liability. A dentist is a dental surgeon, and the rules of law applicable to physicians and surgeons apply to him (48 C. J. 1063). The general rule is that in the absence of a special contract, a surgeon is not required to exercise extraordinary skill and care, but is only required to possess and exercise the degree of skill and learning ordinarily possessed and exercised under similar circumstances by members of his profession, and to use ordinary and reasonable care and diligence, and his best judgment, in the application of his skill to the case (48 C. J. 1113). The above rule is sometimes qualified in that the degree of skill and care required is that exercised and recognized as proper in the community where the defendant practices, this qualification being recognized in this state. (48 C. J. 1117; *James v. Grigsby,* 114 Kan. 627, 631, 220 Pac. 267; *McMillen v. Foncannon,* 127 Kan. 573, 575, 274 Pac. 237; *Riggs v. Gouldner,* 150 Kan. 727, 96 P. 2d 694, and cases cited therein.)

Before reviewing the evidence, we take note that appellant's contention of insufficiency of the evidence swings principally around his contention that plaintiff was required to prove the standard of care and skill above set forth and whether proper treatment was used in her case by the testimony of expert and not lay witnesses (*James v. Grigsby,* supra; and *Rainey v. Smith,* 109 Kan. 692, 201 Pac. 1106; and *Pierce v. Edgerton,* 151 Kan. 107, 98 P. 2d 129), and that she produced but one expert witness who, on cross-examination, stated his testimony as to proper treatment and methods was based upon what the witness did and not upon what others of the same profession in Wichita did. In connection with the motion for a directed verdict, the appellant's general contention is that after the demurrer to plaintiff's evidence was overruled, defendant produced witnesses who were duly qualified and who stated that the treatment and care, which the defendant testified he gave, was the ordinary, recognized, proper and skillful treatment of similar cases in Wichita and vicinities similarly situated, and that plaintiff in rebuttal offered no evidence to prove the contrary.

It is possible to find in the record evidence which supports appellant's contentions, but the matter is not so easily disposed of nor may the trial court's ruling be so reversed. The general rule for

testing the sufficiency of evidence when tested by a demurrer has been repeatedly stated. In the case of *Burgin v. Newman,* 160 Kan. 592, 164 P. 2d 119, it was said:

"Before narrating essential portions of defendants' evidence it will be helpful to again state a few fundamental principles governing the ruling on a demurrer to evidence. In determining such a ruling courts do not compare the evidence of witnesses or evidence of the same witness on direct and cross-examination. Only the evidence favorable to the party adducing it is considered. All such evidence is admitted as true and if it together with all inferences reasonably to be drawn therefrom in favor of the parties adducing it tends to establish a cause of action or defense the demurrer must be overruled. (*Zumbrun v. City of Osawatomie,* 130 Kan. 719, 721, 288 Pac. 584; *Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903; *Myers v. Shell Petroleum Corp.,* 153 Kan. 287, 110 P. 2d 810; *In re Estate of Bond,* 158 Kan. 776, 781-782, 150 P. 2d 343.)" (l. c. 593.)

Other late cases not noted above but stating the same general rule include *Staab v. Staab,* 160 Kan. 417, 419, 163 P. 2d 418; *Gilmore v. Kansas City,* 157 Kan. 552, 554, 142 P. 2d 699; *State v. Garlinghouse,* 157 Kan. 91, 93, 138 P. 2d 421; and *Boxberger v. Texas Company,* 156 Kan. 471, 473, 134 P. 2d 644.

We review the evidence briefly in the light of that rule, but include in our statement portions of the evidence relied on by the appellant. In our summary, we shall mention only testimony tending to show the manner and method followed by the defendant, and the expert testimony. As a witness in her own behalf, plaintiff testified that she made an appointment with defendant to have a tooth extracted. When she was examined in his office on April 13, 1944, he first stated he could pull a bridge off of two teeth, but he then decided to use an electric saw to remove the bridge. He did not pad her mouth or fix it to protect it from injury. He had to slip the saw, which was round, inside her mouth and had to pull her mouth down to get the saw in. He put no appliances on her lower lip, but held her lower lip back and her upper lip up. When he started the saw slipped off and went through her mouth. The evidence as abstracted does not make it clear in what order they occurred, but the bridge was removed, the tooth extracted, and the lip, which was cut on the outside, sewed up. After this was done plaintiff returned to defendant's office at various times and about ten days later the stitches were removed. The testimony of plaintiff's sister, who was with her when the tooth was extracted, corroborates a part of plaintiff's testimony, but need not be reviewed. As a part of her case

plaintiff called a dentist in Wichita who testified that he was graduated from the Kansas City College of Dental Surgery in 1896 and had since practiced in Wichita, and that he had formed an opinion as to what a dentist in that city should give patients with reference to skill, intelligence and learning in treatment. He was then shown an exhibit which had been identified as the bridge with the tooth protruding from it which had been removed from plaintiff's mouth and asked if from his years of practice in Wichita he was familiar with the usual, proper and careful method and care used by dentists in good standing in April of 1944, for removal of bridges similar to the exhibit. He answered that he was. He then explained a method of cutting the bridge with a carborundum disk and the removal of the infected tooth with the bridge work fastened to it. He was then asked a hypothetical question that assuming when defendant attempted to remove the bridge and did not use any cotton or padding and failed to use a depressor to hold her lip back and protect it whether that was the proper, careful and skillful method of removing a similar bridge by dentists of good standing in Wichita and stated it was not. He then described a type of metal depressor which he called a Liberty depressor used to protect the lower lip in such an operation. On cross-examination, and it is this evidence on which appellant relies, he stated he did not know whether certain named dentists used metal depressors or not, and had never been in the offices of other dentists in Wichita. After that plaintiff's counsel asked the witness other questions to qualify him further and he testified as to what he had been taught in dental college and that he had since read medical books and periodicals and that to his knowledge the method of using a depressor had not changed. He also testified that he had heard of the use of wooden spatulas for depressors. In answer to other questions he stated each man (dentist) has his method of doing things and that he would not say yes or no on whether use of wooden spatulas for a depressor was an unsafe method. Apparently without objection being made, he testified that if plaintiff had had a Liberty depressor on her lower lip, her lip would not have been cut. It may be observed that when the witness was first qualified no objection was made to his qualifications nor did the defendant then seek to cross-examine him as to his qualifications to testify as an expert. When the effort was made to further qualify the witness some objection was made to certain questions, but the correctness of the rulings thereon is not before us in

this appeal. Appellant stresses the evidence of the witness that he had not visited the offices of other dentists in Wichita; that he could not testify to what they did; and that his testimony was largely as to what he did as showing disqualification, and therefore there was no proof by expert testimony as required. This latter testimony, brought out largely on cross-examination, ignores direct testimony, or, if it is to be given the effect contended for compels us to weigh variances between direct and cross-examination. Also it ignores the testimony of the witness as to what was taught in a reputable dental college and what he had learned through medical books and periodicals as to proper methods of treatment and care to be used in similar operations. We conclude the trial court did not err in its ruling on the demurrer.

It may here be observed that had there been error in the ruling on the demurrer it was cured by what later happened. Defendant did not stand on his demurrer but offered proof of his defense, which included the testimony of two expert witnesses each of whom testified that if the dentist had an assistant using wooden depressors to hold back the lip and cheek and the defendant operated the saw with his right hand and was using another wooden depressor to hold down the tongue, as defendant had testified was done, that such method and procedure would have been the proper method employed by dentists in Wichita in performing such an operation. If there was any defect in plaintiff's proof by expert witnesses it was supplied by defendant's proof. See *Lechleitner v. Cummings,* 159 Kan. 171, 152 P. 2d 843, and cases cited.

Did the trial court err in denying the defendant's motion for a directed verdict? Appellant has not separately argued this specification but as we understand the matter from the briefs and oral argument, his contention is that when defendant testified as to how he performed the operation, which it may be said briefly was that while his nurse assistant held back the cheek and lower lip with two wooden depressors (sometimes referred to in the evidence as spatulas) and he used another to hold the tongue, he used the saw with his right hand and cut the bridge, and plaintiff did not rebut this testimony nor offer any further expert testimony, it left the whole of the evidence in such condition there was no sufficient competent evidence to support any verdict in plaintiff's favor and he was entitled to judgment, and the ruling of the trial court denying his motion was erroneous. In our opinion this contention cannot

be sustained. Plaintiff in her case in chief had offered proof that in the performance of the operation the defendant had not used depressors of any type, and it was not necessary, after defendant had offered his proof to the contrary, that she deny his version or again repeat her own. On this phase of the case there was a direct conflict and it alone would prevent the sustaining of the motion, unless there was an entire lack of the requisite expert testimony. This latter matter has been adequately treated and needs no further discussion. The trial court did not err in its ruling on the motion for a directed verdict.

It has not been made to appear that the trial court erred in the rulings complained of, and its judgment is affirmed.