THE CHEROKEE & PITTSBURG COAL AND MINING COMPANY V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD *et al.*

No. 13,861.   (80 Pac. 601.)

SYLLABUS BY THE COURT.

1. TAXATION—*Minerals in the Earth—Fee to the Surface in Another.* Chapter 244 of the Laws of 1897 (Gen. Stat. 1901, sec. 7583), which provides for the assessment and taxation of minerals in the earth when the ownership of them is in one person and the fee to the surface of the land is in another, should be construed as a part of the general tax law of the state, and thus be supplied with provisions for its enforcement.

2. ———— *Such Minerals are Real Estate.* Minerals in the earth are real estate, and when the owner of them has not the fee to the surface of such land they should be separately assessed and taxed.

Error from Crawford district court; WALTER L. SIMONS, judge. Opinion filed April 8, 1905. Affirmed.

*A. A. Hurd, O. J. Wood,* and *G. W. Hurd,* for plaintiff in error.

*J. M. Wayde, D. H. Woolley,* and *W. J. True,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff is the owner of the minerals in certain lands in Crawford county, and was such owner in 1898. The fee to the surface of such

lands was then, and is now, in others.  In that year the minerals were assessed for taxation and the taxes regularly extended on the tax-rolls of Crawford county.  In 1899 the county treasurer sold these minerals for the unpaid taxes of 1898, and issued tax-sale certificates therefor to the purchasers.  In the spring of 1902 he published the statutory notice of final redemption and deeds to be issued on the 6th day of September, 1902.  This suit was brought to restrain the treasurer from executing such deeds.  The defendants filed a demurrer to the petition, which was sustained, and the plaintiff prosecutes error.

The petition in its allegations of fact was sufficient to cover all the contentions made by plaintiff in error, one of which is that the attempted assessment of such taxes and the extension thereof on the tax-rolls by the county clerk were unauthorized.  There is no claim of irregularity.

It is contended that the minerals so assessed as the property of plaintiff were parts and parcels of the several tracts of land under the surface of which the minerals were deposited, and that each of these tracts was duly assessed as real estate for the year 1898 at its full value and as high as other mining lands in that vicinity; that the taxes on the lands of plaintiff were fully paid for the year 1898, and that the valuation and assessment of the surface was in excess of the fair value of the land.  The statute which provides for taxing this character of property reads:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively.  The register of deeds shall furnish to the county clerk, who shall furnish on the 1st

day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves; provided, that when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation." (Laws 1897, ch. 244; Gen. Stat. 1901, § 7583.)

Plaintiff contends that this act is void because it provides for an unequal and inequitable valuation and assessment. Its counsel construe the act to mean that when the fee to the surface of the land and the minerals thereunder are in one person the minerals are not taxable; that it is only when the fee is in one person and the ownership of the minerals in another that they are subject to taxation. We do not so construe the act. The act in question does not repeal any of the tax laws in existence at the time of its passage, and is not intended as a substitute for any of the provisions of the general tax law. In prior laws provisions are found for the valuation and assessment of lands at their full value for the purpose of taxation. Such valuation should include the minerals when they are owned by the person who has the fee to the surface. Such laws were not changed by the present act. Tax laws are the growth of experience and the development of property. Changes must be made from time to time by amendments, repeals, alterations, or additions, as new conditions require, in order that all classes of property may be required to bear a just proportion of the public burden. The act under consideration was passed to meet a newly developed class of property or division of ownership of real estate in Kansas, by which lands came to be divided horizontally, as it were. But for this provision, it would be possible for a very large and highly valuable class of real estate to escape taxation.

It is also contended that the act contains no provisions for the ascertainment of the value of this class

of real estate for the purposes of taxation. This suggestion is equally applicable to the taxation of real estate generally, in which the ascertainment of values is left to the judgment of the assessor. The idea suggests itself that, if the value of the minerals in the earth be ascertainable for the purpose of purchase and sale, it should not be difficult to arrive at their assessable value.

Contention is made that the owner of the fee paid the taxes on these lands for the year 1898 at their full assessed value and that the assessment of the minerals to the plaintiff is in excess of the fair value of the land. This is a question that does not concern the plaintiff. If the owner of the fee paid taxes in excess of the fair value of the lands he should have applied to the county board of equalization for a rebate.

In the case of *Wren & Clawson v. Comm'rs of Nemaha Co.*, 24 Kan. 301, 305, it was said:

"All statutes *in pari materia* are to be read and construed together, as if they formed parts of the same statute, and were enacted at the same time." (See, also, *Bland v. Jackson*, 51 Kan. 496, 33 Pac. 295.)

The act in question having been passed as supplemental to the general tax law it is a part thereof, and, if it be wanting in provisions for its enforcement, such provisions may be found in the general tax law of the state.

The judgment is affirmed.

All the Justices concurring.