No. 26,748.

C. E. WILSON, *Appellee,* v. W. M. GLENN et al., *Appellants.*

SYLLABUS BY THE COURT.

TAXATION—*Title and Right of Tax Purchaser — Deed Not Void on Face — Attack by Adverse Claimant.* The title of a person who has been in possession of real property for more than five years under a recorded tax deed not void on its face cannot be successfully attacked by any other person claiming an adverse title thereto.

Appeal from Greeley district court; ROSCOE H. WILSON, judge. Opinion filed July 10, 1926. Affirmed.

*W. M. Glenn,* of Tribune, *pro se.*

*D. R. Beckstrom,* of Tribune, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to quiet title to real property in Tribune in Greeley county. Judgment was rendered for the plaintiff, and the defendant appeals.

The plaintiff's evidence disclosed that on September 10, 1917, D. R. Beckstrom received a tax deed for the property, caused the deed to be recorded and went on the property, surveyed it, and erected mounds at the corners; that he conveyed the property to the plaintiff on January 19, 1921, who in September of that year commenced the erection of a building on part of the property and in May, 1923, erected a dwelling on another part of it and was occupying the dwelling at the time this action was commenced.

The defendant's evidence disclosed that the South Tribune Town and Land Company had been incorporated in 1887 for a period of five years; that the defendant became the owner of all the stock of the corporation, which was largely indebted to him; that the stockholders had agreed that the president of the corporation should convey to the defendant all the lots standing in the name of the corporation; that the president, pursuant to such agreement, turned over to the defendant a large number of deeds properly signed by the president and secretary of the corporation, with its seal attached, but with the name of the grantee and description of the property not written in any of them; that it had been understood by the president and stockholders that the defendant might insert

Taxation, 37 Cyc. pp. 1487 n. 59, 1504 n. 85, 1508 n. 94.

the names of the grantees and the descriptions of the property as he might desire; that the defendant took one of those deeds, inserted his name as grantee, inserted the description of the property in controversy, and recorded the deed thus completed on February 23, 1907.

The plaintiff had such an interest therein as enabled him to maintain an action to quiet his title and possession thereto against an adverse claimant whose title was weaker than his or who had no title at all. (*Brenner v. Bigelow,* 8 Kan. 496; *Gilteman v. Lemert,* 13 Kan. 476; *Cramer v. McCann,* 83 Kan. 719, 112 Pac. 832.) The possession of the plaintiff gave him the right to maintain the action. (*Brenner v. Bigelow,* supra; *Giles v. Ortman,* 11 Kan. 59; *Morrill v. Douglass,* 14 Kan. 293, 301.)

The defendant argues that the tax deed was void because of defective final notice of redemption from tax sale. The defendant did not show, and does not now argue, that the tax deed was void on its face. Section 79-2505 of the Revised Statutes provides:·

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, . . . except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

That statute controls in the present situation. Beckstrom took possession of the property, then vacant, on September 10, 1917, and exercised dominion over it. This action was commenced on September 27, 1924. The right of the defendant to attack the tax deed was barred by section 79-2505 of the Revised Statutes at the time the action was commenced.

The judgment is affirmed.