No. 35,536

F. A. Ruth, *Appellant,* v. Joseph William Fletcher et al. (Elba Morgan, a Minor, and Dorothy Morgan, a Minor), *Appellees.*

(126 P. 2d 237)

Opinion filed June 6, 1942.

*Charles C. Calkin,* of Kingman, argued the cause for the appellant.

*Fred Hurd,* of Kingman, guardian *ad litem,* argued the cause for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was a suit to quiet title. Judgment was for the defendants, and plaintiff appeals.

The subject of the action was a quarter section of land in Kingman county. The only parties interested in the land are the plaintiff and two minor defendants. Fred Hurd was appointed guardian *ad litem* and also as attorney for the defendants by the district court. Appellant is the assignee of the tax-title purchaser. He

based his title upon a tax deed executed by the county clerk on October 30, 1935, which was recorded on the same day. It is conceded appellant and the tax-title purchaser had been in the actual possession of the land for more than five years before the instant action was filed. The trial court concluded the tax deed was void upon its face for a number of reasons.

Appellant contends first the deed was valid on its face, and second that he was entitled to have the title quieted even though the deed was void on its face.

Was the deed void on its face? The deed in substance disclosed: The land could not be sold for the 1930 taxes and charges and was on September 1, 1931, bid off by the county for the *taxes, interest* and *costs* then due and unpaid; the sum of $283.57 was equal to the cost of redemption on October 30, 1935, and that amount having been paid by E. A. Haines to the county treasurer, the county clerk issued a certificate of sale and duly assigned the certificate and all interest of the county in the land to E. A. Haines on October 30, 1935; that in consideration of the sum of $283.57 paid to the county treasurer for *taxes, costs* and *interest* due on the land for the years 1930, 1931, 1932, 1933 and 1934, the county clerk on October 30, 1935, sold the land to E. A. Haines.

One of the grounds upon which the trial court found the deed to be void on its face was that it was clearly executed in contravention of the 1935 moratorium law. That law, chapter 307, Laws 1935, became effective February 25, 1935. The pertinent section thereof provides:

"That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1934, or prior years and now held by said county, there is hereby remitted and canceled for the benefit of the owner or the holder of the record title of said land, his heirs, executors, administrators, assigns or mortgagee, all *penalties, costs, expenses* and *interest,* charged or chargeable against said land and the improvements thereon, by reason of the nonpayment of taxes thereon, and said owner, holder of record title, his heirs, executors, administrators, assigns, or mortgagee, desiring to redeem said land on or before March 1, 1937, shall not be called upon or required to pay any of the said *penalties, costs, expenses* or *interest* now charged or chargeable against said land or the improvements thereon: *Provided,* That interest at the rate of 6 percent per annum on the amount of taxes due and unpaid on said land, exclusive of the penalties, costs, expenses and interest above remitted, shall be charged commencing September 1, 1935: *Provided further,* That any such lands not redeemed on or before March 1, 1937, shall become subject to all *penalties, expenses, costs* and *interest* chargeable the same as though this act had not been passed:" (G. S. 1935, 79-2415.) (Emphasis supplied.)

It would thus appear the owner might at any time, on or before March 1, 1937, redeem the land without the payment of penalties, costs, expenses or interest, except the payment of interest at the rate of 6 percent from September 1, 1935. Here, however, the tax deed was executed by the county prior to March 1, 1937, the date on which redemption might have been made, and interest on taxes was charged prior to September 1, 1935.

Appellant, however, insists that since the 1934 taxes were not paid when due, defendants were not entitled to the remission of interest under another proviso of the same statute, which reads:

"*Provided further,* That no owner, holder of record title, his heirs, executors, administrators, assigns, or mortgagee, shall be entitled to have the said penalties, costs, expenses and interest remitted and canceled unless all taxes and interest for the year 1934, then in default, have been paid, and unless all taxes and interest, accruing subsequent to 1934, and then in default, have been paid before the payment of said delinquent taxes:" (G. S. 1935, 79-2415.)

To what date do the words in the last proviso, namely—"then in default"—refer? We think they refer to the date upon which redemption might have been made, namely, March 1, 1937. In support of appellant's contention with respect to the payment of the 1934 taxes and interest he cites *Iola B. & L. Ass'n v. Allen County Comm'rs,* 152 Kan. 365, 103 P. 2d 788. That case involved an interpretation of the 1939 tax moratorium law with respect to the payment of the 1938 taxes. The provisions of the 1939 law, with respect to the point involved, clearly were not the same as those contained in the 1935 law and the decision is not in point.

Appellant further urges that since the right of minors to redeem was cut off by chapter 375 of the Laws 1941, and since redemption has not yet been made, it becomes immaterial whether the tax deed was void when executed. With that contention the trial court did not agree, and neither do we. The tax deed was either void or it was not at the time it was executed. It was void when executed and subsequent failure to redeem did not give validity to the deed at the time it was executed or thereafter. It was a nullity and that fact appeared on its face. The case of *Dieterich v. Knox,* 143 Kan. 698, 56 P. 2d 65, is in point on the principle here involved. It was there held:

"A tax deed in 'compromise payment form,' such as R. S. 1933 Supp. 79-2411 purports to authorize, executed the day the certificate is issued and assigned, is void on its face.

"A tax deed executed September 4, 1934, upon a sale had September 2, 1930,

"which includes interest and fees, is void on its face, since chapter 120 of the Laws of 1933 Special Session gives the owner of the real property to January 1, 1935, in which to pay the taxes, without the payment of interest, fees or other charges." (Syl. ¶¶ 1, 2.)

Was appellant entitled to have the title quieted notwithstanding the fact the deed was void on its face? He argues he was and relies upon the general quiet-title statute (G. S. 1935, 60-1801), and particularly upon G. S. 1935, 60-1804, which latter statute reads:

"A tax deed of record for more than five years prior to the commencement of such action shall be a sufficient title upon which to maintain the action: *Provided*, That the plaintiff or those through whom he derives title shall have been in actual possession of the property covered by such tax deed for five years just prior to the commencement of such action."

Appellant argues the statute does not make it a condition precedent to his right to maintain the action that the deed should be valid on its face. He argues it requires only two things, namely, the recording of the tax deed and possession of the land thereafter for a period of five years prior to the commencement of the action. He emphasizes the use of the word "maintain," employed in the statute, as distinguished from the word "file" or "institute," and argues it was the intent and purpose of the lawmakers to enable a tax purchaser to have his title quieted whenever the two conditions named in the statute existed, irrespective of the fact a deed might be utterly void on its face. He cites *Van Gundy v. Shewey*, 90 Kan. 253, 133 Pac. 720; *Wilson v. Glenn*, 121 Kan. 467, 254 Pac. 694, and *Main v. Doty*, 126 Kan. 667, 271 Pac. 287, as bearing upon the issue, but frankly concedes those cases do not settle the issue here presented. He argues that G. S. 1935, 60-1804, was enacted in 1911, long after the general quiet-title law, G. S. 1935, 60-1801, and therefore urges it must have been enacted with the intent and purpose for which he contends. He insists that otherwise G. S. 1935, 60-1804, is meaningless. That statute, as heretofore disclosed, authorizes a quiet-title action by a tax deed purchaser or those claiming title through him. G. S. 1935, 79-2505, enacted in 1876, pertains to an action by the landowner to set aside a tax deed. The latter statute provides:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

These statutes must be read and construed together. In referring to G. S. 1935, 79-2505, in the case of *Bryner v. Fernetti*, 141 Kan. 446, 41 P. 2d 712, we said:

"There is a consistency between this section and R. S. 60-1804 in that the landowner has five years in which to commence an action to set aside the tax deed on his land, and by the other statute the holder of the tax deed cannot commence his action to quiet his tax title before his tax deed has been on record for five years:" (p. 450.)

It expressly has been held the five-year period of limitation prescribed in G. S. 1935, 79-2505, does not operate in favor of a tax deed that is void upon its face. In *Madigan v. Smith*, 137 Kan. 269, 20 P. 2d 825, it was said:

"Appellants first cite R. S. 79-2503 and 79-2505 and a number of Kansas decisions prescribing and holding that an action to defeat and avoid a conveyance of land for taxes is barred if not commenced within five years from the time of the recording of the tax deed. These statutes and decisions have reference to defects, irregularities and omissions in the tax proceedings which may render the tax deed voidable, but they do not apply or control where the tax deed is void on its face. Actions to set aside tax deeds as void on their face are not barred by the five-year statute of limitations. (*Richards v. Thompson*, 43 Kan. 209, 23 Pac. 106, and *Doudna v. Harlan*, 45 Kan. 484, 25 Pac. 883.)" (p. 270.)

Neither do we think the lawmakers intended the provisions of G. S. 1935, 60-1804, should apply or control where the deed is void on its face. It would not do to say the fact the deed is void on its face constitutes a cause of action upon which the landowner may have the deed set aside even five years after it has been recorded by the tax purchaser and he has been in possession of the land for more than five years, but that the same fact, namely, that the deed is void on its face, does not constitute a defense to a quiet-title action brought by the tax purchaser or his assignee. The existence of the condition specified in the statute (G. S. 1935, 60-1804), is a condition precedent to the right to maintain a quiet-title action, but the fact of their existence was not intended to preclude a defense by the landowner that the deed is void on its face.

In view of what has been said it is unnecessary to discuss other grounds upon which the trial court found the deed to be void on its face. We may, however, say that the reason herein treated is, in our opinion, only one of the grounds upon which the deed was void on its face.

The judgment is affirmed.