No. 38,876

J. G. Catlett, *Appellee*, v. W. F. Roemer and Iva Roemer, husband and wife, and H. Hampton, a single man, *Appellants*.

No. 38,877

J. G. Catlett, *Appellee*, v. H. Hampton, a single man, *Appellant*.

No. 38,878

J. G. Catlett, *Appellee*, v. Wilma Ann Losey, H. Hampton, et al., *Appellants*.

No. 38.879

J. G. Catlett, *Appellee*, v. Franklin Caillouet, H. Hampton, et al., *Appellants*.

(255 P. 2d 1011)

Opinion filed April 11, 1953.

*Floyd Sloan*, of Topeka, argued the cause, and *H. Hampton*, of Sharon Springs, and *W. Glenn Hamilton, Eldon Sloan* and *James W. Sloan*, all of Topeka, were with him on the briefs for the appellants.

*Earl Hatcher*, of Topeka, argued the cause, and *Harold Jones*, of Topeka, and *Jay Jenson* and *James S. Jenson*, both of Oakley, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: These were actions to set aside and cancel tax deeds. Judgment was for plaintiff setting aside the deeds. Defendants have appealed.

The causes of action set up in the several actions are of the same nature requiring the same proof and our decision will affect all parties in each action alike. All the pleadings in the various actions

are the same except for names of defendants and descriptions of land. The causes were consolidated in the court below and will be consolidated here. The facts of Case No. 38,876 will be set out in this opinion.

After identification of the parties, the petition alleged plaintiff was the owner in fee simple of real estate described as an undivided interest in the same in all the oil, gas and other minerals in and under a described quarter section in Gove county, and had been in open, exclusive, notorious and adverse possession of it for more than fifteen years; that the defendants claimed some right, title or interest in the described real estate, the exact nature of which was unknown to plaintiff, but the plaintiff alleged that whatever claim the defendants had was junior and inferior to plaintiff's; that plaintiff had been informed that defendants claimed title by virtue of a tax deed issued by the county clerk of Gove county, December 16, 1939, and filed for record on January 17, 1940, a copy of the deed was attached to the petition.

The petition then alleged the deed was void on its face for the reasons it showed on its face it was issued in direct violation of G. S. 1949, 79-2415 to 2416; in that by the provisions of those sections plaintiff, the holder of the record title to the real estate, was given until September 1, 1941, to pay the taxes on it without paying any penalties, costs or expenses and it was not subject to tax deed and the deed was issued in violation of G. S. 1949, 79-2415; it showed on its face it was assigned to Roemer, one of the grantees by the county treasurer of Gove county, on or about October 31, 1939, and was executed by the county clerk on December 16, 1939, in violation of G. S. 1949, 79-2416; that the deed showed on its face a rate of interest in excess of that authorized by law was charged upon the sales price at which these mineral interests were held at tax sale on September 4, 1934, to the date on which the tax sale certificate was assigned or attempted to be assigned by the county treasurer to Roemer.

The plaintiff tendered into court for the benefit of the defendants the amount of the taxes, interest and charges so paid by reason of the tax sale certificate, together with all interest accruing on such sums from October 31, 1939, including the cost of the tax deed, and its recording and an amount sufficient to cover all the subsequent taxes paid thereon, if any, after the date of the tax deed, with interest thereon, at the rate of twelve percent per annum.

The prayer was for judgment excluding defendants from any interest in the real estate in question and quieting the title of plaintiff to it and that the tax deed in question be canceled.

The deed, a copy of which was attached to the petition, recited that Gove county had on September 6, 1927, accepted the provisions of chapter 288, Session Laws of 1921; and all oil, gas and other minerals under the real estate in question was subject to taxation for 1933, and such taxes remained unpaid at the date of the sale described; and the county treasurer pursuant to a notice by publication did on the 4th day of September, 1934, bid off in the name of the county, in conformity with all the requirements of the statute, the interest in all oil, gas and other minerals under the tract of real estate thereinafter described for the amount of the delinquent taxes and legal charges due thereon and remaining unpaid for the delinquent year.

The legal description of the real estate in and under which the interest in oil, gas and other minerals were conveyed and the delinquent taxes due and unpaid on the date of the sale and the number of the certificate of sale were set out as follows:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| "J. G. Catlett. ........ . | 101/640 | NE | 30 | 11 | 31 | .21 | .22 | .60 | 1.02 |
| L. C. Scheu .......... | 1/125 | NE | 30 | 11 | 31 | .03 | .12 | .60 | .75 |
| Frank K. Elloit........ | 1/32 | NE | 30 | 11 | 31 | .03 | .12 | .60 | .75 |
| Total...... | 126/640 | | Certificate No. 371 | | | | | $2.52" |

The county treasurer published a list of unredeemed interest in conformity with chapter 325, Session Laws of 1939, wherein the interest in the oil and gas described was listed, and four years or more had elapsed since the date when such interest was bid off, such interest had not been redeemed; and for $2.52 paid to the county treasurer on October, 1939, the county treasurer issued a certificate of sale of the said interest to W. F. Roemer.

The assignment recited that Roemer assigned a half interest in the certificate to H. Hampton and recited that the county clerk for $2.52 paid to the county treasurer and on presentation and surrender of the certificate conveyed to Roemer and Hampton the interest in the oil and gas described.

The demurrer of defendants to this petition was overruled, also a motion of defendants to strike certain matter.

The answer denied that plaintiff was the owner or in possession of the mineral interest in question and alleged that the cause of

action did not accrue within five years before the action, but if any cause of action accrued to the plaintiff it accrued on January 17, 1940, more than five years before the commencement of the action; that defendants stated they were the owners of and in possession of such mineral interest by virtue of the tax deed, which was attached to the petition.

The reply was a general denial.

There was a stipulation at the time of and prior to the recording of the tax deeds the plaintiff was the owner of the undivided interest in the oil and gas and other minerals by virtue of mineral deeds, such deeds being from the owners of fee simple titles thereto; that the mineral rights so conveyed were owned by the plaintiff separate from the surface rights at the time of the levy and assessment of the tax in question; that about September 5, 1927, the board of county commissioners adopted the provisions of chapter 288, Session Laws of 1921; that in 1933 such mineral rights were assessed for taxation separate and apart from the surface rights; that at the tax sale held on the 4th of September, 1934, the county treasurer in the name of the county bid for the mineral interests in question in satisfaction of delinquent terms; that the mineral rights so conveyed had never been assessed for taxation separate from the surface rights for any years except 1933; and there were no due, delinquent or unpaid taxes thereon in the year 1939, or any other date other than the taxes assessed for 1933; that on or after October 23, 1939, the county treasurer executed and delivered tax sale certificates evidencing the attempted assignment of the county's interest in a number of mineral rights, including the interest owned by plaintiff in the real estate described in which the consideration paid consisted of amount of tax, interest, penalty and charges, the amount of such being shown in the deed; that thereafter the county clerk upon the surrender to him of the tax sale certificates made and delivered to the defendants a purported tax deed to the mineral rights attempted to be assigned by the county treasurer.

The trial court stated the legal questions to be whether G. S. 1949, 79-2415 to 79-2416, commonly known as the tax moratorium law, applied to a tax deed conveying mineral interests separate from the surface rights; whether the tax deed in question was void on its face so that an action might be maintained to set it aside after it had been of record more than five years. The trial court

held in favor of the plaintiff on both the above questions and rendered judgment accordingly.

Defendants first argue G. S. 1949, 79-2415 and 79-2416, commonly known as the tax moratorium statute, are not applicable to mineral interests. To understand that argument we must examine two sections:

G. S. 1949, 79-420 provides as follows:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided,* That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

It will be noted this section provides for the listing for taxation purposes of the mineral rights separate from the surface. In *Mining Co. v. Crawford County,* 71 Kan. 276, 80 Pac. 601, we held minerals in the earth are real estate and when the owner of them has not the fee to the surface of such land they should be separately assessed and taxed. That has been the law ever since.

We come now to the section which gives rise to this lawsuit—G. S. 1949, 79-2416. It is commonly known as the tax moratorium statute. It was enacted in 1939. (See section 2, chapter 326 of the Session Laws of 1939.) It provides as follows:

"The various county treasurers shall not issue any tax-sale certificates nor shall the various county clerks execute any tax deeds prior to September 1, 1939, for lands bid off for taxes in the name of the county: *Provided,* That with respect to all lands bid off for taxes in the name of the county at the tax sale of September, 1938, or prior years, no tax-sale certificates nor tax deeds shall be issued or executed so long as all the current taxes beginning with taxes due November 1, 1938, have been paid: *Provided,* That if such lands have not been redeemed prior to September 1, 1941, tax-sale certificates and tax deeds shall be issued and executed as provided by law: *And provided further,* That unless such current taxes have been paid, tax-sale certificates and tax deeds shall be issued as provided by law: *Provided further,* That tax deeds may be executed in those instances where compromise tax-sale certificates have been assigned prior to the effective date of this act. (*). (L. 1939, ch. 326, § 2; March 1.)"

It will be noted the above section provided that with respect to all lands bid on for taxes in the name of the county at the tax sale

of 1939 or prior years no tax sale certificates or tax deeds should be issued so long as all the current taxes, beginning with taxes due November 1, 1938, had been paid prior to September 1, 1941. It is clear these tax deeds were issued during the prohibited period. It is admitted that no tax was assessed against the lands except for the year 1933. Defendants argue that the use of the word "lands" in G. S. 1949, 79-2416, meant surface rights only and did not refer to mineral rights even though since the enactment of G. S. 1949, 79-420, mineral rights had been classified and assessed as real estate. They furnish us with no supporting authorities and we doubt if there are any.

Once we agree with the trial court, as we must, that the tax deed in question was issued in violation of G. S. 1949, 79-2416, we are forced to the conclusion that the deed was void on its face. (See *Ruth v. Fletcher,* 155 Kan. 473, 126 P. 2d 237.)

Defendants argue that the action was barred because the deeds were executed more than five years prior to the filing of the actions. It is clear that the statute of limitations does not apply to a tax deed that is void on its face. (See *Ruth v. Fletcher,* supra.)

The judgment of the trial court is affirmed.