No. 44,377

Mary Pat Noll, a Minor, by Mrs. Jake Noll, Her Mother, Guardian and Next Friend, *Appellant,* v. Joseph R. Schnebly and Betty L. Carroll, *Appellees.*

(413 P. 2d 78)

Opinion filed April 9, 1966.

*Sam A. Crow,* of Topeka, argued the cause, and *J. A. Dickinson, Ralph E. Skoog* and *Bill G. Honeyman,* all of Topeka, were with him on the brief for the appellant.

*Harold E. Doherty,* of Topeka, argued the cause, and *Ernest J. Rice, James E. Benfer* and *William B. McCormick,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an action for personal injuries inflicted upon the plaintiff, a pedestrian, as a result of a collision between two automobiles driven by the defendants. The case was tried to a jury which returned a verdict for the plaintiff against defendant Carroll. In its answer to special questions the jury found the defendant Schnebly guilty of no negligence which was a proximate cause of the plaintiff's injuries. The plaintiff appeals contending she is entitled to judgment against the defendant Schnebly as a matter of law.

The primary question presented is one of procedure under the new code.

The accident in question occurred at an intersection of two one-way streets. Betty L. Carroll (defendant-appellee) drove her automobile in the wrong direction on a one-way street and struck Joseph R. Schnebly (defendant-appellee) who was traveling in his

automobile in the proper direction on a one-way through street at a reasonable rate of speed. As a result of the collision a sign at the corner of the intersection was knocked down by Schnebly's automobile which in turn struck Mary Pat Noll (plaintiff-appellant), age fifteen, who was a pedestrian on the sidewalk near the intersection talking to a girl friend.

Schnebly's automobile, being driven in an easterly direction, was struck by the automobile driven by Carroll in a southerly direction on the left front corner. The evidence discloses that Schnebly's automobile could not be guided or controlled after the impact, as a result of which it traveled only about twenty to twenty-five feet over the curb and into the sign which struck the plaintiff on the leg.

The jury returned a verdict in favor of the plaintiff and against Carroll in the sum of $30,350. The jury found in favor of Schnebly. In answer to special questions it found Schnebly was not guilty of any negligence which was the proximate cause or a contributing proximate cause of the collision, and it found Carroll was guilty of negligence which was the proximate cause of the collision in that she was driving the wrong way on a one-way street, and did not maintain a proper lookout when entering a through highway or street.

The trial court entered judgment on the verdict against Carroll and also entered judgment for the defendant Schnebly for his costs.

Thereupon the plaintiff filed a motion for a new trial and for judgment against Schnebly notwithstanding the verdict, both of which the trial court in due course overruled.

The primary contention of the appellant on appeal is that the undisputed evidence discloses Schnebly was guilty of negligence which was a proximate cause of the plaintiff's injuries as a matter of law, and that by reason thereof the trial court erred in failing to sustain the appellant's motion for judgment notwithstanding the verdict.

K. S. A. 60-250 (*b*) provides in part:

"(*b*) *Reservation of decision on motion.* Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. *A party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict;* . . ." (Emphasis added.)

Subsection (*b*) of 60-250, *supra,* in the code is the same as the corresponding subsection of Federal Rule No. 50, except that the

federal rule imposes a time limit within which to file such motion after the reception of a verdict.

The emphasized portion of subsection (*b*) in 60-250, *supra*, is clearly worded. It requires that a motion for a directed verdict at the close of all the evidence be a condition precedent to the filing of a motion for judgment notwithstanding the verdict. Federal courts have construed the corresponding provision in Rule No. 50 (*b*) of the Federal Rules of Civil Procedure to mean that a motion for judgment notwithstanding the verdict may not be entertained by the trial court, unless the moving party has made a timely motion for a directed verdict at the close of all the evidence. (*Indamer Corporation v. Crandon*, 217 F. 2d 391 [5th Cir. 1954]; *Guerrero v. American-Hawaiian Steamship Company*, 222 F. 2d 238 [9th Cir. 1955]; and *Tsai v. Rosenthal*, 297 F. 2d 614 [8th Cir. 1961].)

The appellant in her statement of points contends the trial court erred in denying her motion to direct a verdict in her favor against both appellees. The court is referred to a statement of counsel in the record made at the time the trial court determined what instructions it would give. The statement is as follows:

"Mr. Dickinson: Suggest this; if there had been error at all in these instructions it is not instructing negligence. That negligence has been established as a matter of law on the part of both defendants, and the only question is how much because there isn't any question that Betty Carroll was going the wrong way on a one way street. There isn't any question that she did not see Mr. Schnebly sometime when the evidence is clear that she could have seen him *plus other items which are not perhaps as clear as a matter of law with reference to Mr. Schnebly.* It is unquestioned under his testimony that he looked neither to right or left and wasn't interested in doing so; and that he did not see what he clearly could have seen and what a car a half a block behind him saw quite clearly and saw happening, and that was that he made no effort to either stop or turn aside too. I believe that actually as a matter of law there is negligence on the part of both of these drivers, and if there need to be any error here at all it is an error in not sending the Jury out to assess damages only." (Emphasis added.)

We do not construe the foregoing suggestion of counsel for the appellant as a motion for a directed verdict. Nowhere in these remarks does counsel move for a directed verdict. Furthermore, no motion for a directed verdict is shown in the journal entry, although all other motions made during the trial, and motions made after the entry of judgment on the verdict, are shown.

We therefore hold that the appellant, having made no motion for a directed verdict at the close of all the evidence in the case, was not entitled under 60-250 (*b*), *supra*, to have her motion for

judgment notwithstanding the verdict considered by the trial court as challenging a review of the evidence which was before the jury.

Another point which the appellant seeks to have reviewed on appeal is the order of the trial court overruling her motion for summary judgment against Schnebly. This motion was filed before trial on the ground that the deposition given by Mr. Schnebly showed his liability as a matter of law.

On appeal the record fails to set forth the deposition given by Mr. Schnebly, and it is therefore impossible for this court to pass upon the question. It is the appellant's obligation to designate a record sufficient to present her points on appeal to this court. (Supreme Court Rule No. 6 [a], 194 Kan. xiv.)

It is to be observed the motion for summary judgment was presented immediately before trial—before the trial court had heard any of the evidence. In *Brick v. City of Wichita*, 195 Kan. 206, 403 P. 2d 964, it was held that when there is a good faith dispute over the facts, the parties must be afforded a trial at which the evidence is presented and the live facts determined.

For the reasons heretofore assigned the judgment of the lower court is affirmed.