No. 46,677

James H. Becker and Bonnie B. Becker Beelman, *Appellees*, v. Michael J. Rolle, *et al*, defendants, Samuel Ben Leighton, Doris Jean Leighton, Cynthia June Carroll, Clyde Carroll, and Warren Munsell, *Appellants*.

(508 P. 2d 509)

Opinion filed April 7, 1973.

*John S. Elting*, of Dighton, argued the cause and was on the brief for the appellants.

*John E. Wilkinson*, of Topeka, argued the cause, and *Howard H. Becker*, of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

Kaul, J.: This is a quiet title action in which plaintiffs seek to quiet their title to an undivided one-half mineral interest in a half section of land in Lane County. Plaintiffs and their predecessors in title are and have been the undisputed owners of the surface rights and a one-half interest in the mineral rights in the land in question.

The controversy stems from the failure of the original grantees to record the instrument of conveyance or to list for taxation the undivided one-half mineral interest as required by K. S. A. 79-420 and its forerunners. The provisions of the statute will be subsequently set out and discussed in the course of this opinion.

On April 22, 1929, Henry Becker and his wife, Laura, the then owners of the land, executed and delivered a conveyance of an undivided one-half interest in minerals in place to S. D. Leighton by Fred Hyames, trustee. Even though the instrument of conveyance was entitled "Sale of Oil and Gas Royalty" because of the language used therein, the parties concede that it constituted a mineral deed and there is no dispute concerning this matter.

Plaintiffs acquired the remaining interests, both surface and mineral, of Henry Becker by inheritance and conveyances. The defendants-appellants, Samuel Ben Leighton and his wife, Doris, and Cynthia June (Leighton) Carroll and her husband, Clyde, claim title to an undivided ⅟₄₄th interest in the mineral rights through inheritance from S. D. Leighton, an original grantee. This interest will be referred to hereafter as the Leighton-Carroll interest. Defendant-appellant Warren Munsel, the other appellant in this appeal, claims an undivided ⅟₇th interest in mineral rights. The devolution of his claim will be traced hereafter.

Leighton-Carroll and Munsell were the only interests appearing in opposition to plaintiffs' quiet title action in the court below wherein judgment was rendered for plaintiffs as prayed for. Thus, the posture of the parties on appeal is that plaintiffs are now the undisputed owners of the surface rights and ⁴¹⁄₄₄ths of the mineral rights. The disputed interests being the ⅟₄₄th mineral interest claimed by Leighton-Carroll and the ⅟₇th or ²⁄₄₄ths mineral interest claimed by Munsell.

The mineral deed conveying the interest in question from Henry Becker to S. D. Leighton was executed and delivered on April 22, 1929. It was not recorded until almost a year later on April 5, 1930, and it was not listed for taxes prior to recording. Subsequently, in disregard of the apparent invalidity of the mineral deed, the interests conveyed thereunder were assessed for taxes by Lane County for the years 1933, 1934 and 1935. These taxes were paid by Fred Hyames, trustee. No assessment was made against the claimed mineral interests again for ten years, or until 1946. Taxes have been assessed and levied against the claimed mineral interests for the year 1946 and succeeding years up to the filing of the present action.

In 1935 S. D. Leighton and his wife conveyed an undivided ⅟₇th mineral interest to each of the following persons—W. F. Vycital, Carl O. Durr and D. O. Durr. Although taxes were levied against their respective interests commencing in 1946, neither Vycital nor Carl O. Durr paid taxes thereon. In 1953 a tax foreclosure action

was filed in the district court of Lane County against the claimed interests of Vycital and Carl O. Durr and a judgment was rendered on the unpaid taxes thereon for the years 1946 up to and including 1953. The Vycital and Carl O. Durr interests were described in the tax foreclosure action as each having an undivided ¼th mineral interest. The action culminated in a sheriff's sale on December 28, 1953, at which time the claimed interests of Vycital and Carl O. Durr were purchased by Warren Munsell, appellant herein. The sheriff's deed issued to Munsell was recorded on March 2, 1954.

As we have indicated, only Munsell and Leighton-Carroll answered in the court below. After a pretrial conference the case was presented to the trial court in a manner described by the court as follows:

"The case was presented to the Court on evidence to which the parties stipulated as being admissible. Counsel also considered it relevant and material. It was also agreed at pre-trial by the Counsel that the Court should decide this case on this documentary evidnce and the briefs and arguments which were filed with the Court. Counsel for the defendants agreed that the defendants would rely solely upon the record title of the property; that there was no parol testimony of importance known to them that should be considered by the Court. The plaintiffs, in addition to the record, have asked the Court to consider the fact that the plaintiffs did not have actual knowledge of the record until the latter part of 1968; and that within a short time thereafter, in early 1969, caused this action to be filed."

On appeal defendants counsel takes issue with the trial court's description of the presentation of the case concerning what was stipulated at the pretrial conference to which the court referred. We are informed that the court reporter was present and recorded the proceedings of the pretrial conference. However, defendants did not request a transcript and no record thereof has been reproduced on appeal. It is incumbent upon defendants-appellants to include in the record on appeal any matter upon which they intend to base a claim (*Noll v. Schnebly,* 196 Kan. 485, 413 P. 2d 78). Under the circumstances we were compelled to to consider the presentation of the case below as described by the trial court.

The trial court made extensive findings of fact, twenty in all, and comprehensive conclusions of law resolving all of the issues raised. Essentially, defendants attempted to defeat plaintiffs' action to quiet title by claiming application of the doctrines of adverse possession and/or laches. The trial court concluded that neither of the defenses, even if they were applicable, were established by a preponderance of the evidence showing the elements required to

establish adverse possession and/or laches. The trial court further concluded that because of the failure of the grantees to record the mineral conveyance or list it for taxation in accordance with K. S. A. 79-420, the grantor was not disseised and actually retained possession and ownership because of the failure of the conveyance.

With respect to Munsell's claim, the trial court found that Vycital and Durr, Munsell's predecessors in title, abandoned their interests and left a situation where Munsell had no predecessors in title to which he could "tack" in order to claim by adverse possession even if the doctrine applied to the case; and that Munsell was fully barred not only because of the fact that Lane County had nothing to sell him, by reason of the void conveyance in the first instance, but is further barred because the records disclose that he did not have a sheriff's deed until February 4, 1954, and did not record it until March 2, 1954; and since the petition in this case was filed January 20, 1969, it was established that Munsell held a sheriff's deed less than the fifteen years required by the statute pertaining to adverse possession. (K. S. A. 60-503.) The court entered judgment, barring the claims of all defendants, and quieting title in the plaintiffs. Thereafter, defendants, Munsell and Leighton-Carroll, perfected this appeal.

Appellants specify numerous points of error. However, we believe the controlling issue concerns the application of K. S. A. 79-420 to the facts of this case.

This statute was originally enacted in 1897 (laws of 1897, chapter 244), was reenacted in 1911 (laws of 1911, chapter 316, section 20), and appeared as R. S. 79-420, and now appears as K. S. A. 79-420. The validity of the statute was assailed in *Mining 'Co. v. Crawford County,* 71 Kan. 276, 80 Pac. 601, and later in *Gas Co. v. Oil Co.,* 83 Kan. 136, 109 Pac. 1002. In both cases this court upheld the constitutionality of the statute.

K. S. A. 79-420 has not been changed in substance since the original enactment in 1897. It reads:

"Surface and mineral rights taxed separately, when; duties of register of deeds and county assessor. Where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county assessor, who shall furnish on the first day of January each year to each deputy assessor where such

mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided,* That when such reserves or leases are not recorded within ninety (90) days after execution they shall become void if not listed for taxation."

The constitutionality of the statute was again challenged in *Shaffer v. Kansas Farmers Union Royalty Co.,* 146 Kan. 84, 69 P. 2d 4, wherein it was held:

"The statute is not invalid for any of the reasons urged against it. The word 'void' in the proviso of the statute is used in its primary sense of nullity." (Syl. ¶ 3.)

In the opinion it was stated:

". . . Obviously the statute had a public purpose in view, namely, the proper listing of property for taxation. Aside from the fact that the legislature used the word 'void,'—presumably knowing its meaning, it is uniformly held that when a word is used in the statute having a public policy in view, which requires the strict interpretation of the word, it will be construed in its strict sense (67 C. J. 268) as meaning a nullity. So construed, it is readily comprehensible and made effective. To construe it as voidable only would open the door for many interpretations." (p. 96.)

Based on the premise that the statute has a public purpose and is a statement of public policy, the holding in *Shaffer* clearly indicates that failure to comply with at least one of the alternative requirements of 79-420 operates to make a mineral deed a nullity and void and forecloses a construction of voidable only. Following the decision in *Shaffer,* this court again considered the constitutionality and discussed the meaning and intent of the statute in *Hushaw v. Kansas Farmers Union Royalty Co.,* 149 Kan. 64, 86 P. 2d 559, wherein it was stated:

"It is a matter of common knowledge that Kansas contains vast reservoirs of oil and gas. The value of these mineral deposits baffle computation. The purpose of the statute is to place these properties on the tax roll. The method selected by the legislature was to compel disclosure of the true ownership of such minerals as they are from time to time transferred. This end is effectually accomplished by the provision that the instrument of transfer shall be void, unless recorded within ninety days after execution, and if not listed for taxation. *Manifestly this is not the forfeiture of a vested title, but a condition precedent to the vesting of title in the transferee.* This was the construction of the statute as given in *Gas Co. v. Oil Co.* [83 Kan. 136, 109 Pac. 1002], supra, and we adhere to the view there expressed." (p. 74.) (Emphasis supplied.)

At this point we pause to note, that in their brief on appeal, appellants argue that failure to comply with the requirements of the statute only made a mineral deed subject to forfeiture thus, necessitating affirmative action to work such forfeiture and that because

appellees failed to institute an action until forty years after the conveyance, they are barred by laches and/or adverse possession. Appellants say that by reason of the lapse of forty years appellees claim became stale. The holding in *Hushaw* effectually disposes of this argument of appellants. Failure to comply with the statute renders the instrument void not on the theory of forfeiture of a vested title, but because a condition precedent to the vesting of title in the transferee had not been met. Applied to the facts of this case the holding in *Shaffer* renders the mineral deed conveying the interests in question from Henry Becker to S. D. Leighton a nullity and void, and it did not divest Henry Becker of title or possession since a condition precedent to the vesting of title in Leighton as transferee was not met. Thus, the position of appellees was that of owners in possession seeking to remove a cloud from their title by means of a quiet title action. In *Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681, it was held:

"Laches is ordinarily no defense in an action to quiet title or remove a cloud where the plaintiff is in possession." (Syl. ¶ 4.)

It was further stated in the opinion:

". . . Laches is never imputable to the owner of land for failure to begin an action to annul a tax deed where the tax-title holder is not in adverse possession. (citing cases.)" (p. 771.)

Since there was no vesting of title in appellants, or their predecessors, or disseisin of Henry Becker because of the failure of the original conveyance, neither laches nor adverse possession is available to appellants as a defense to appellees' quiet title action. In the case of *Templing v. Bennett,* 156 Kan. 68, 131 P. 2d 904, cited by appellants, the grantee of a mineral interest did not record his mineral deed, but he made a timely presentation of the instrument of conveyance to the county clerk with the request that it be listed for taxation. The county clerk declined to list it because at the time nonproductive oil and gas interest in land had no taxable value and the county had provided no record for listing such interests. The grantor's quiet title action against grantee for failure to comply with 79-420 was denied on the theory that grantee had listed his property for taxation by giving the county clerk (ex officio assessor) a statement of his property. The facts of *Templing* are clearly distinguishable from those of *Hunshaw* and it was so stated in the opinion of the court.

Other cases cited by appellants do not deal with situations where

parties and their predecessors were in possession, such as in this case or situations which involved bad faith, breach of trust and fraud such as in *Knowles v. Williams,* 58 Kan. 221, 48 Pac. 856.

The appellants claim acquiescence by appellees by reason of the fact that exceptions pertaining to the undivided ½ mineral interest in question were made by appellees in several oil and gas leases executed by them. The trial court found that such exceptions amounted to nothing more than further bolstering the proof that the appellees had no knowledge of the noncompliance by the predecessors of appellants with the statute prior to examination of appellees' title by their attorney in 1968. Acquiescence arises where a person who *knows* that he is entitled to impeach a transaction but neglects to do so for such length of time that, under the circumstances of the case, the other party may fairly infer that he has abandoned his right. (Black's Law Dictionary [Fourth Edition], Acquiescence, p. 40; *Norfolk & W. R. Co. v. Perdue,* 40 W. Va. 442, 21 S. E. 755; *Andrew v. Rivers,* 207 Iowa 343, 223 N. W. 102.) Since there was no knowledge on the part of appellees, acquiescence is not available to appellants as a defense.

Appellants complain that certain evidence was erroneously admitted at the pretrial conference. As we have previously noted, no transcript of the pretrial conference proceedings was made a part of the record on appeal. It is the appellants' obligation to designate a record sufficient to present their points on appeal to this court. (Supreme Court Rule No. 6 [*a*], 209 Kan. xxii; and *Noll v. Schnebly,* 196 Kan. 485, 413 P. 2d 78.)

The trial court fully considered the issues raised by the parties below and carefully construed and correctly applied the provisions of 79-420 to the facts as found in accordance with applicable decisions of this court relating thereto.

The judgment is affirmed.