(682 P.2d 686)

No. 55,458

HALLIE GOODSPEED, LAWRENCE M. NELSON, CARL O. NELSON, NOR-
MAN A. NELSON, GERALD M. PATTEE and FRANK S. PATTEE,
*Plaintiffs-Appellees,* v. YVONNE J. SKINNER, a single woman,
*Defendant and Third-Party Plaintiff-Appellant,* STANLEY D.
SHAW and RAMONA A. SHAW, Husband and Wife, *Defendants,* v.
TEXACO, INC., *Third-Party Defendant-Appellee.*

Opinion filed June 21, 1984.

*Norbert R. Dreiling,* of Dreiling, Bieker & Kelley, of Hays, for appellant.

*Terry L. Rogers,* of Morgan & Rogers, of Oberlin, for plaintiffs-appellees.

*R. Douglas Reagan, Charles J. Woodin* and *Jerry G. Elliott,* of Foulston,
Siefkin, Powers & Eberhardt, of Wichita, for third-party defendant-appellee.

Before PARKS, P.J., REES and SWINEHART, JJ.

PARKS, J.: Plaintiffs Hallie Goodspeed, Lawrence M. Nelson,
Carl O. Nelson, Norman A. Nelson, Gerald M. Pattee and Frank
S. Pattee brought this action to quiet their title to the mineral
interests in certain land located in Decatur County, Kansas.
Defendant Yvonne J. Skinner argues that plaintiffs' title is void
because they failed to comply with K.S.A. 79-420.

There has been continuous oil production from the involved
land since 1952. Third-party defendant Texaco, Inc., is and has
been the crude oil purchaser.

As of January 30, 1964, Arthur Munson was the owner in fee of
all the involved land. On that date, he and his wife Edith, as
grantors, executed a mineral deed conveying to plaintiffs the
mineral interests in the land subject to a reserved life estate. By
the terms of the mineral deed, the reserved estate was to be

measured by the life of the surviving grantor. This instrument was not recorded until July 3, 1967.

Arthur and Edith deeded their interests in the land to themselves in joint tenancy on February 28, 1964. After her husband's death on May 26, 1967, Edith conveyed her interests to herself and her daughter, defendant Yvonne Skinner, as joint tenants. Edith Munson and defendant Skinner then conveyed their interests in a portion of the land to defendants Shaw on December 23, 1974, subject to reservation of the mineral interests. Edith died May 6, 1979.

Plaintiffs and Skinner submitted motions for summary judgment. The trial court denied Skinner's motion for summary judgment and quieted title in the plaintiffs. Defendant Skinner appeals.

This action centers around K.S.A. 79-420 which states:

"Where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county assessor, who shall furnish on the first day of January each year to each deputy assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided,* That when such reserves or leases are not recorded within ninety (90) days after execution, they shall become void if not listed for taxation."

In sum, where there is a severance of mineral rights and surface rights, the interests and rights of each owner shall be listed, valued and taxed separately. The penalty for noncompliance is in the proviso which renders the mineral reserves or leases void if not recorded within ninety days after execution or if not listed for taxation. *Johnson v. Johnson,* 150 Kan. 541, 543, 95 P.2d 329 (1939).

Upon the 1964 conveyance of the mineral interests to plaintiffs, the same persons no longer owned both the surface in fee and the minerals in fee. The Munsons still held the surface rights in fee simple but they only held a life estate in the mineral interests with the plaintiffs enjoying a present vested remainder. On the face of it, K.S.A. 79-420 would appear to require the mineral interests and surface rights to be separately valued and taxed. This is the argument Yvonne makes in support of her

contention that plaintiffs' failure to record the deed altering ownership of the mineral interests rendered the January 30, 1964, conveyance void. However, such a literal application of K.S.A. 79-420 is not appropriate in this case.

The purpose of K.S.A. 79-420 is to prompt the proper listing of property for taxation in order to avoid overlooking taxable interests. *Becker v. Rolle,* 211 Kan. 769, 773, 508 P.2d 509 (1973). In this case, the taxes on the mineral interest were paid by the Munsons. Defendant claimed that these payments were only assessed against the value of the royalty or life estate interest but there is no evidence to support such a contention. In fact, there was evidence to the contrary in the following quotation from the Decatur County Oil Assessor's affidavit: "That all rights to oil, gas and other minerals in and under and produced from the land described in said mineral deed were valued and listed as the property of Arthur Munson and of Edith Munson until May 6, 1979." Therefore, there is no evidence suggesting that the remainder interest held by plaintiffs was actually untaxed.

In addition, it is ordinarily the life tenant who has the duty to keep all current taxes paid; in the absence of some agreement or controlling equity the remainderman is under no obligation to pay taxes. See *Settle v. Glenn,* 147 Kan. 502, 506, 78 P.2d 57 (1938), and cases cited therein. Since the life tenant "enjoys the rents and profits of land . . . [he] has the duty to pay or have paid from income otherwise accruing to him such current taxes as are assessed against the property itself . . . ." 51 Am. Jur. 2d, Life Tenants and Remaindermen § 245, p. 527. Since Arthur and Edith Munson enjoyed the "use, income, and all benefits of all oil, gas and other minerals," they were liable for the taxes assessed against those mineral rights. Thus, not only is there no evidence that plaintiffs' interest escaped taxation but any taxes due on the interest would not have been the liability of plaintiffs.

Bearing in mind the purpose of K.S.A. 79-420, it would be nonsensical to hold that the statute requires that a vested remainder interest in the minerals in, on or under a tract of land be forfeited because it was not recorded for tax purposes when no revenue was lost or tax liability avoided as a result. Statutes must be construed with reason, considering the practicalities of the subject matter. *Anderson v. Overland Park Credit Union.* 231

Kan. 97, Syl. ¶ 5, 643 P.2d 120 (1982). A statute should never be given a construction that leads to uncertainty, injustice or confusion, if possible to construe it otherwise. *Coe v. Security National Ins. Co.,* 228 Kan. 624, Syl. ¶ 2, 620 P.2d 1108 (1980). It would certainly be unjust to construe K.S.A. 79-420 as rendering plaintiffs' title void. Therefore, we conclude that when, as here, a grantor reserves a life estate in a mineral deed, such that the life tenant of the mineral interests and the fee title holder of the surface rights is the same person, the remainder interest does not become taxable until the remainderman is vested with the right of possession upon the termination of the life estate. Here, the plaintiffs' interest became taxable on May 6, 1979. The plaintiffs complied with K.S.A. 79-420 when they recorded the mineral deed on July 3, 1967, some twelve years before their interests would be assessed for taxation. Accordingly, we find that the order quieting title in the plaintiffs was proper.

Affirmed.